[THE STATE, EX REL.] BRADLEY, *v.* SHANNON, JUDGE, COURT OF COMMON PLEAS OF HAMILTON COUNTY, ET AL.

[Cite as Bradley v. Shannon (1970), 24 Ohio St. 2d 115.]

(No. 70-624—Decided December 9, 1970.)

*Mr. Lawrence Marion Bradley, in propria persona.*

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Leonard Kirschner,* for respondents.

*Per Curiam.* This is an action in mandamus originating in this court. Relator, an inmate at the Ohio Penitentiary, seeks to compel respondents, a judge and the clerk

---

of the Court of Common Pleas of Hamilton County, to furnish him with certified copies of all the proceedings concerning his 1966 indictment, arraignment and plea of guilty to murder in the second degree in 1967. Relator has no appeal pending.

Respondents have filed a motion to dismiss the petition on the grounds that Judge Shannon is not a proper party to the proceedings in that he is no longer a judge of the Court of Common Pleas; that part of the proceedings, the grand jury minutes, are secret; that part of the proceedings are not under the control of the clerk or in his possession; and that relator has an adequate remedy at law.

In June 1970, relator wrote the clerk of courts for the records he is requesting in this action. The clerk sent him part of them. He could not, of course, send the records he did not have. Nor could he send the grand jury minutes.

In July 1970, relator filed a motion for those records, which motion was dismissed on the ground that there was no action pending.

Respondents' motion to dismiss is well taken.

Mandamus lies only to compel the performance of a clear legal duty. There can be no clear legal duty on one to furnish records which are not in his possession or control.

The respondent judge is no longer on the trial bench and thus could make no order in relation to those records, and the clerk cannot be compelled to furnish records which are not in his possession, or under his control.

Furthermore, mandamus does not lie where relator has an adequate remedy in the ordinary course of the law. Relator had an adequate remedy at law by appeal from the dismissal of his motion.

*Petition dismissed.*

O'Neill, C. J., Herbert, Duncan, Corrigan, Stern and Leach, JJ., concur.

Schneider, J., concurs in judgment only.