JOURNAL ENTRY AND OPINION
On November 30, 2001, the relator, Timothy Chaney, commenced this mandamus action against the respondent, the Cuyahoga Court of Common Pleas, to compel it to forward a copy of relator's sentencing transcript and original complaint from his conviction in State v. Chaney, Cuyahoga County Court of Common Pleas, Case No. CR-211052. On January 7, 2002, the respondent, through the Cuyahoga County Prosecutor, filed a motion to dismiss, which this court subsequently converted to a motion for summary judgment. On January 28, 2002, relator responded to the respondent's motion for summary judgment. For the following reasons, we deny both the writ for mandamus and the motion for summary judgment.
In the motion for summary judgment, respondent asserts that the relator is not entitled to a free copy of the transcript, nor does the respondent have a duty to provide him one, because a transcript at state expense has already been filed in his direct appeal. In response to the motion for summary judgment, relator claims that he is not asking for either document to be provided at state's expense.
The record indicates that relator filed a motion requesting the above documents on October 16, 2001. On or about October 29, 2001, relator received notice from the Cuyahoga County Court Reporters that the notes from his case were destroyed, thereby preventing them from providing him with the transcript. Attached to the letter was a copy of the order signed by Judge Richard McMonagle which directed that all court reporting notes shall be kept for a period of no less than twelve (12) years.
The requisites for mandamus are well established: 1) the relator must have a clear legal right to the requested relief, 2) the respondent must have a clear legal duty to perform the requested relief, and 3) there must be no adequate remedy at law. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State ex rel. Taylorv. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shaferv. Ohio Turnpike Commission (1953), 159 Ohio St. 581, 113 N.E.2d 14;State ex rel. Cannole v. Cleveland Board of Education (1993),87 Ohio App.3d 43, 621 N.E.2d 850. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath (1997), 78 Ohio St.3d 45,676 N.E.2d 108 and State ex rel. Boardwalk Shopping Center, Inc. v. Courtof Appeals for Cuyahoga County (1990), 56 Ohio St.3d 33, 564 N.E.2d 86.
In State ex rel. Robert Pinkava v. Clerk, Euclid Municipal Court (Dec. 13, 1994), Cuyahoga App. No. 69014, unreported, the relator sought a copy of the 1972 citation and narrative from his case. The respondent established that pursuant to court order and the relevant statute, records from relator's case were properly destroyed. This court held that the respondent had no duty to disclose records which no longer existed. A writ of mandamus will not issue to compel a custodian of public records to furnish records which are not in his possession or control. State exrel. Fant v. Mengel (1991), 62 Ohio St.3d 197, 580 N.E.2d 1085; State exrel. Bradley v. Shannon (1970), 24 Ohio St.2d 115, 265 N.E.2d 260; Stateex rel. Marshall v. Fuerst (Feb. 20, 1997), Cuyahoga App. No. 71603, unreported; State ex rel. Calabrese v. Clerk of the Lyndhurst Mun. Court
(Jan. 2, 1997), Cuyahoga App. No. 71534, unreported.
Pursuant to R.C. 2301.20 and the Rules of Superintendence, the court of common pleas maintains certain responsibilities for the retention and disposal of court records. According to R.C 2301.20(A), "(I)f the action is not a capital case, the notes shall be preserved for the period of time specified by the court of common pleas * * *." According to Judge Richard McMonagle's order, the court reporting notes for the Cuyahoga County Court of Common Pleas were to be kept for no less than twelve years. Because the relator was convicted in 1987, the destruction of the notes was proper and fully complied with Judge McMonagle's order.
Accordingly, because a reasonable length of time has passed for retaining these notes and the notes are no longer in the possession of the court reporter, there is no duty to provide the requested transcript.
We also find that the relator named the wrong party as the respondent. The relator is actually seeking relief from the Clerk of the Cuyahoga Court of Common Pleas and the court reporter's office. The relator, however, named the Cuyahoga County Common Pleas Courts as the respondent. Accordingly, the relator's petition for a writ of mandamus is fatally defective. State ex rel. Dollison v. Reddy (1978),55 Ohio St.2d 59, 378 N.E.2d 150; State ex rel. Pressley v. IndustrialCommission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631.
Furthermore, we find that relator has failed to comply with R.C. 2969.25, which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
Accordingly, we deny the writ for mandamus and the motion for summary judgment. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
DIANE KARPINSKI, P.J. and FRANK D. CELEBREZZE, JR., J., CONCUR.