THE STATE EX REL. STRIKER, APPELLANT, *v.*

SMITH, CLERK, APPELLEE.

[Cite as *State ex rel. Striker v. Smith,* 129 Ohio St.3d 168, 2011-Ohio-2878.]

*Public records — R.C. 149.43 — Records in possession of a judge.*

(No. 2010-0433 — Submitted May 10, 2011 — Decided June 21, 2011.)

APPEAL from the Court of Appeals for Richland County,

No. 2008-CA-0336, 2010-Ohio-457.

_____

**Per Curiam.**

{¶ 1}   This is an appeal from a judgment entered by the court of appeals denying a writ of mandamus to compel a municipal court clerk to provide access to certain court records and denying a request for attorney fees and statutory damages.  Because the court of appeals did not err in so holding, we affirm the judgment of the court of appeals.

### Facts

{¶ 2}   On December 4, 2008, appellant, Raleigh M. Striker, went to the office of appellee, Daniel F. Smith, the clerk of the Mansfield Municipal Court. Striker orally requested access to records filed with the clerk in *Calhoun, Kademenos & Childress Co., L.P.A. v. Shepherd*, Mansfield M.C. No. 2006 CVH-3913.  The clerk advised Striker that the clerk's case file for the *Shepherd* case was in the custody of Judge Jeff Payton and that the records in the file would not be accessible to the public until the case file, which had been in the possession of Judge Payton since February 2008, was returned to the clerk's office.

{¶ 3}   Striker then requested that the Mansfield law director, as the clerk's counsel, provide access to the records, but he was informed that his request could not be satisfied for the reason expressed by the clerk.

**{¶ 4}** On December 29, 2008, Striker presented a written request to the clerk for "copies of Mansfield Municipal Court Civil Docket case number for the dates of:

**{¶ 5}** "12/20/2006 remand

**{¶ 6}** "1/02/07 remand SC

**{¶ 7}** "1/31/07 memorandum

**{¶ 8}** "4/30/07 je"

**{¶ 9}** The request corresponded to the following notations on the clerk's docket for the *Shepherd* case:

**{¶ 10}** "12/20/2006 Case to Judge Payton for remand

**{¶ 11}** "01/02/2007 Case remand to Mag. Teffner SC 1-29-07 1:20 pm

**{¶ 12}** "* * *

**{¶ 13}** "01/31/2007 Pl Combined Memorandum in Opposition to Def Motion to Amend Counterclaim and Motion for Summary Judgment Filed 1/31/07 To Mag

**{¶ 14}** "* * *

**{¶ 15}** "04/30/2007 Unsigned entry/file ret'd to LW, Judge needs changes to the entry, LW w/b made aware of wording needed."

**{¶ 16}** The clerk again advised Striker that these documents could not be made available to him because the case file was in the custody of Judge Payton and would not be available to him or the public until it was returned to the clerk's office. The clerk made the following notation on Striker's written request: "Waiting on Judge Payton, Dan Smith, 12-29-08." The clerk did not ask Striker to leave a copy of his written request with the clerk's office, and Striker left the office with his request. The case file was returned to the clerk's office late that afternoon.

**{¶ 17}** The next day, December 30, 2008, Striker filed a pro se complaint in the Court of Appeals for Richland County for a writ of mandamus to compel

the clerk to provide access to the requested court records in *Shepherd* and to award statutory damages and expenses. Attached to Striker's complaint was a copy of a January 1, 2007 entry in *Shepherd* in which Judge Payton noted that the case had come before him on December 20, 2006, and ordered that the case be remanded to the court magistrate.

{¶ 18} On January 20, 2009, the clerk provided copies of three of the four requested court records from the *Shepherd* case to Striker. These were the only existing records that satisfied Striker's records request. Striker subsequently secured counsel, and the parties filed an agreed statement of facts and briefs. Striker also filed a motion for an award of statutory damages and attorney fees.

{¶ 19} In February 2010, the court of appeals denied the writ of mandamus[1] to compel the clerk to provide the requested court records to Striker because the claim was moot insofar as Striker admitted that the clerk had provided three of the four requested records and "the parties agree the fourth item was not a public record." *State ex rel. Striker v. Smith*, Richland App. No. 2008-CA-0336, 2010-Ohio-457, ¶ 4. The court of appeals also denied Striker's request for statutory damages and attorney fees.

{¶ 20} This cause is now before the court upon Striker's appeal as of right.

### Legal Analysis

*Mandamus*

{¶ 21} "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1). Court records are

---

1. The court of appeals also granted a writ of mandamus to compel the clerk to post a copy of his office's public-records policy in the clerk's office, but this appeal does not concern that portion of the court's judgment.

generally public records subject to disclosure under the Public Records Act. See *State ex rel. Cincinnati Enquirer v. Winkler*, 101 Ohio St.3d 382, 2004-Ohio-1581, 805 N.E.2d 1094, ¶ 5 ("court records fall within the broad definition of a 'public record' in R.C. 149.43(A)(1)"); *State ex rel. WBNS TV, Inc. v. Dues*, 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 27 ("any record used by a court to render a decision is a record subject to R.C. 149.43").[2] There is no dispute here that the *Shepherd* case records requested by Striker constituted public records, which are generally subject to disclosure under R.C. 149.43.

**{¶ 22}** The court of appeals denied Striker's request for a writ of mandamus to compel the clerk to provide access to the requested records. The court of appeals correctly ruled that for three of the four court records from the *Shepherd* case requested by Striker, the clerk's provision of them to Striker rendered that portion of his mandamus claim moot. "In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot." *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14.

**{¶ 23}** For the remaining requested court record, Striker argues and the clerk concedes that the court of appeals erred in stating in its opinion that the parties agreed that the record corresponding to the "12/20/2006 remand" notation did not exist; there was no such agreement.

---

2. {¶ a} Sup.R. 45(A) provides that "[c]ourt records are presumed open to public access." Sup.R. 47(A)(1) states: "The provisions of Sup.R. 44 through 47 requiring redaction or omission of information in case documents or restricting public access to case documents shall apply only to case documents in actions commenced on or after the effective date of this rule. Access to case documents in actions commenced prior to the effective date of Sup.R. 44 through 47 shall be governed by federal and state law."

{¶ b} This case, which challenges the alleged refusal of a municipal court clerk to timely provide copies of case documents, involves a 2008 request for records from a case that was commenced in 2006. Sup.R. 44 through 47 became effective on July 1, 2009. Therefore, under Sup.R. 47(A)(1), the court's public-access superintendence rules are inapplicable to Striker's records request.

**{¶ 24}** Striker claims that the clerk's assertion that the requested record does not exist is false because, *after this appeal was filed*, he discovered a copy of Judge Payton's journal entry date-stamped "January 1, 2007," which refers to a December 20, 2006 date, remanding the case to a court magistrate. But this journal entry was attached to Striker's mandamus complaint, which he filed in the court of appeals, so he already had obtained a copy of it, thus rendering his claim moot. *Toledo Blade Co.* at ¶ 14.

**{¶ 25}** And the clerk introduced evidence that there was no December 20, 2006 remand order. The clerk had "no duty to create or provide access to nonexistent records." *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530, ¶ 15. In fact, the remand order stamped "January 1, 2007" appears to correspond to Striker's second requested *Shepherd* record, i.e., a "1/02/07 remand," because it is doubtful that the clerk's office was open for filing entries on January 1; the parties agreed in the proceeding below, however, that the clerk had provided the record relating to that request.

**{¶ 26}** Therefore, the court of appeals did not err in denying Striker's public-records mandamus claim.

*Statutory Damages and Attorney Fees*

**{¶ 27}** Striker argues that notwithstanding the clerk's provision of three of the four *Shepherd* records following his initiation of the mandamus action, the court of appeals erred in denying his request for statutory damages and attorney fees regarding his moot claim. Striker claims that the clerk failed to comply with the R.C. 149.43(B)(1) requirement that copies of requested public records be made available "within a reasonable period of time."

**{¶ 28}** At both times that Striker requested the public records, however, the clerk did not have possession of them. Instead, the judge had possession of the requested records. The clerk did not have any duty to provide Striker with copies of records that he did not possess. See *State ex rel. Vitoratos v. Gross*

(1970), 24 Ohio St.2d 22, 23, 53 O.O.2d 12, 262 N.E.2d 864; *State ex rel. Bradley v. Shannon* (1970), 24 Ohio St.2d 115, 116, 53 O.O.2d 307, 265 N.E.2d 260 ("There can be no clear legal duty on one to furnish records which are not in his possession or control"); *State ex rel. Marshall v. Fuerst* (Feb. 20, 1997), Cuyahoga App. No. 78609, 1997 WL 72134.

{¶ 29} Based on the foregoing, because Striker's public-records mandamus claims lacked merit, the court of appeals did not err in denying his request for statutory damages and attorney fees. See *State ex rel. Mahajan v. State Med. Bd. of Ohio*, 127 Ohio St.3d 497, 2010-Ohio-5995, 940 N.E.2d 1280, ¶ 64 (denying request for statutory damages and attorney fees for reasons including that most of the public-records claims lacked merit).

**Conclusion**

{¶ 30} The court of appeals did not err in denying Striker's public-records mandamus claim for access to the requested court records or in denying his request for statutory damages and attorney fees. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Lori A. McGinnis, for appellant.

David L. Remy, Mansfield Law Director, for appellee.

_____