[Cite as *State ex rel. Pine Tree Towing & Recovery, Inc. v. McCauley*, 2014-Ohio-4331.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. | : | JUDGES: |
| PINE TREE TOWING AND RECOVERY, | : | |
| INC., ET AL., | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Relators - Appellants | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| SHERIFF MICHAEL R. MCCAULEY, ET AL. | : | Case No. 14 CA 07 |
| | : | |
| Respondents - Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Guernsey County
                                  Court of Common Pleas, Case No.
                                  13-CV-000295


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 September 26, 2014


APPEARANCES:

For Relators-Appellants                  For Respondents-Appellees

PETER D. TRASKA                          DANIEL C. PADDEN
4352 Pearl Road, Suite A                 Guernsey County Prosecuting
Cleveland, OH 44109                      Attorney
                                         139 West 8th Street
                                         P.O. Box 640
                                         Cambridge, OH 43725

*Baldwin, J.*

{¶1}   Appellants Pine Tree Towing and Recovery, Inc. and Ron Myers appeal a summary judgment of the Guernsey County Common Pleas Court dismissing their mandamus action against appellee Sheriff Michael R. McCauley. [1]

STATEMENT OF FACT AND CASE

{¶2}   On March 22, 2013, appellants served a public records request on appellee.  The parties agreed to toll the response to this request pending a modification to Guernsey County Sheriff Policy 4.19, which deals with the sheriff department's towing policy.

{¶3}   After the towing policy was revised, appellants served a letter on appellee dated April 15, 2013, asking that the March 22, 2013, request be answered.  On April 16, 2013, appellee sent a letter to appellant's counsel, outlining the large scope of the work necessary to complete the request, and noting that additional time was needed to respond.  On April 29, 2013, appellee again notified appellants that due to the complex nature of the request, additional time would be necessary.

{¶4}   Appellants filed a mandamus action on June 28, 2013.  Prior to the expiration of the answer period, appellee responded to the request with 776 pages of records.  Appellee moved to dismiss or in the alternative for summary judgment on December 30, 2013.  Appellants responded that the documents appeared to have been manipulated and that the records show clear favoritism by appellee toward Bill's Towing & Auto Body, LLC.

---

[1] Respondent Bill's Towing & Auto Body, LLC, was voluntarily dismissed by appellants in the trial court and is not a party to this appeal.

{¶5} The trial court granted the motion for summary judgment, finding that the mandamus action was rendered moot because the records were produced by appellee in response to the request. The court further found that the records were produced within two months or 60 days, which was not unreasonable considering the volume of records, taking into consideration the other duties of the sheriff.

{¶6} Appellants assigns three errors to this judgment:

{¶7} "I. THE TRIAL COURT MADE INCORRECT FACTUAL FINDINGS, AND DID NOT CONSIDER MATERIAL FACTS.

{¶8} "II. GCSO'S RESPONSE WAS UNTIMELY AS A MATTER OF LAW.

{¶9} "III. THE TRIAL COURT FAILED TO CONSIDER STATUTORY REMEDIES FOR DELAYED RESPONSES, FOR WITHHELD RECORDS, AND FOR DESTRUCTION OF RECORDS."

I.

{¶10} In their first assignment of error, appellants argue that the court erred in granting summary judgment because there are disputed facts as to whether the records were destroyed, manipulated, or withheld within the meaning of R.C. 149.35 and 149.351.

{¶11} The instant action was a mandamus action to recover public records filed pursuant to R.C. 149.43(C), which provides in pertinent part:

(C)(1) If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section

or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(1) of this section. The mandamus action may be commenced in the court of common pleas of the county in which division (B) of this section allegedly was not complied with, in the supreme court pursuant to its original jurisdiction under Section 2 of Article IV, Ohio Constitution, or in the court of appeals for the appellate district in which division (B) of this section allegedly was not complied with pursuant to its original jurisdiction under Section 3 of Article IV, Ohio Constitution.

{¶12} "In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot." *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011–Ohio–2878, 950 N.E.2d 952, ¶22, quoting *State ex rel. Toledo Blade Co. v. Toledo—Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009–Ohio–1767, 905 N.E.2d 1221, ¶14. Mandamus will not issue to compel the performance of a duty that has already been performed. *State ex rel. Haider v. Fuerst*, 118 Ohio St.3d 142, 2008–Ohio–1968, 886 N.E.2d 849, ¶5.

{¶13} Appellee provided the requested records, rendering the mandamus action moot. Appellants' claims that the documents provided to them after commencement of the action were incomplete or manipulated within the meaning of R.C. 149.35 and 149.351 may be subject to a civil action brought pursuant to R.C. 149.351(B). However, after receiving the requested records, appellants did not amend their complaint to allege that appellee withheld records or manipulated the records and that appellants were therefore entitled to damages pursuant to R.C. 149.351(B).

{¶14} Based on the undisputed evidence that the requested records were provided to appellants, the trial court did not err in entering summary judgment dismissing the mandamus action as moot.

{¶15} The first assignment of error is overruled.

II.

{¶16} In their second assignment of error, appellants argue that the response was untimely as a matter of law.

{¶17} The trial court found that the records were provided within 60 days, which is an incorrect factual finding. The parties agreed to toll the request pending modification of appellee's towing policy. After the towing policy was revised, appellants served a letter on appellee dated April 15, 2013, asking that the March 22, 2013, request be answered. The records were not provided until July 19, 2013, which is 95 days after the April 15 renewal of the request following the tolling period.

{¶18} "(B)(1) Upon request and subject to division (B)(8) of this section, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Subject

to division (B)(8) of this section, upon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time."

{¶19} The statute does not define the term "reasonable period of time." Therefore, the determination of whether appellee complied with its duty to provide appellants with the requested documents within a reasonable period of time depends on all of the pertinent facts and circumstances. *State ex rel. Morgan v. Strickland,* 121 Ohio St.3d 600, 2009–Ohio–1901, 906 N.E .2d 1105, ¶ 10.

{¶20} Twice after being served with the request on April 15, 2013, appellee notified appellants that due to the complex nature of the request, the response would be delayed.  Appellants did not respond until they filed the instant action.  The affidavit of Lt. Curtis Braniger states that the requested documents comprised 776 pages of records and required 399 man hours for the Sheriff's Department to assemble.  He avers that he complied with the records request in as expedient a manner as possible given the nature of the request.  Attached to the affidavit is a seven-page document, single-spaced, outlining all of the duties of Lt. Braniger, of which his public records duties are a very small part.  Also attached to his affidavit is a detailed log of the time required to fulfill the request, noting that his other duties were not suspended during this time, and he used off-duty time at his residence to complete the records request.  While appellants question the amount of man hours required to assemble the documents, there is no evidence in the record to contradict Braniger's affidavit.  Based on the facts and circumstances of the case, the court did not err in finding the documents were provided within a reasonable time.

{¶21}  The second assignment of error is overruled.

III.

{¶22}  Appellants argue that the court did not consider statutory damages for responses that were delayed, or for records that were withheld, manipulated or destroyed.

{¶23}  R.C. 149.43(C)(1) provides for statutory damages for failure to comply with a public records request.  There is no evidence that appellee denied the public records request in whole or in part.  Appellee communicated to appellants that the request would take more time because of the nature of the request, but appellee did not deny the request at any time.

{¶24}  As discussed in the second assignment of error, the response time was not unreasonable, and appellants were therefore not entitled to damages for delay. Further, as noted in the first assignment of error, appellants failed to amend their complaint to allege a violation of R.C. 149.351 with respect to the records they received from appellee, and therefore the trial court did not err in failing to consider an award of damages for records that may have been withheld, manipulated, or destroyed.

{¶25} The third assignment of error is overruled.  The judgment of the Guernsey County Common Pleas Court is affirmed.  Costs are assessed to appellants.

By: Baldwin, J.

Farmer, P.J. and

Delaney, J. concur.