| | |
|---|---|
| JODI ANDES | Case No. 2017-00144-PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| OHIO ATTORNEY GENERAL'S OFFICE | |
| Respondent | |

{¶1} R.C.149.43(C) provides that a person allegedly aggrieved by a violation of division (B) of that section may either commence a mandamus action, or file a complaint under R.C. 2743.75. In mandamus actions alleging violations of R.C. 149.43(B), a relator must establish by "clear and convincing evidence" that they are entitled to relief. *State ex rel. Miller v. Ohio State Hwy. Patrol,* 136 Ohio St.3d 350, 2013-Ohio-3720, ¶ 14. As for actions under R.C. 2743.75 alleging violations of R.C. 149.43(B), neither party has suggested that another standard should apply, nor is another standard prescribed by statute. R.C. 2743.75(F)(1) states that such claims are to be determined through "the ordinary application of statutory law and case law * * *." Accordingly, the merits of this claim shall be determined under a standard of clear and convincing evidence, i.e., "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶2} On July 22, 2016, requester Jodi Andes sent an email to respondent Ohio Attorney General's Office (AGO) stating that she "would like to make a public records request with the Ohio Attorney General's Office for information on the case of Bobby Thompson/John Donald Cody. * * * I am happy to the [sic] public records I am

seeking now, if it is able to be considered, or I can wait if there is an appeal pending.  * * *.  Can either of you check to see if information from the case file is able to be released yet?"  (Requestor Exhibits p. 11.)  Andes added later the same day that "I can give specifics on my request, just thought I would check first.  No since [sic] in itemizing if there is still a court case pending."[1]  (*Id.* p. 10.)  On July 27, 2016, the AGO responded, "I checked on this for you and there is a pending appeal in the 8th District, so therefore our records would not yet be public."  (*Id.*)  Later the same day Andes sent an email stating she believed "the issue is now closed in the Eighth District Court of Appeals. * * *.  If it is closed I will get you my formal request for records."  (*Id.* p. 8.)  The AGO replied the same day that the court of appeals had not yet ruled on a motion by the defendant to reopen his direct appeal under App. R. 26. (*Id.*)  Over the next four months, no further correspondence was exchanged.

{¶3} On December 2, 2016, Andes sent an email to the AGO stating,

   a. "I would like to go ahead and make a formal Open Record Request for copies of Bobby Thompson's computer files that were found on his computer and shared with Ohio investigators by Florida investigators as well as a digital copy of the computer files/hard drive files/flash drive files found on Mr. Cody or his property after his arrest. These were all admitted into evidence as part of his trial in Cuyahoga County Common Pleas Court. These materials are not germane to his appeal and were part of the evidence used to earn a conviction."

(*Id.*)  The AGO acknowledged receipt of the request the same day. (*Id.* p. 7.) On January 3, 2017, Andes requested an update, and the AGO responded on January 5, 2017 that there had been a new filing in the 8th appellate district. (*Id.* p. 6.) On January 17, 2017, Andes again requested an update (*Id.*), and on January 19, 2017 the AGO responded:

---

[1] Andes' pleadings, and email of March 24, 2017 (Respondent's Exhibit C) also refer to several contacts with the AGO by telephone.  Since the contents of the alleged telephone communications are neither supported by affidavit, nor admitted by the AGO, assertions based on these contacts will not be considered as evidence.

   b. "Your records request is still undergoing a legal review. Your request asks for 'computer files that were found on his computer and shared with Ohio investigators by Florida investigators as well as a digital copy of the computer files/hard drive files/flash drive files found on Mr. Cody or his property after his arrest.'

   c. As I mentioned on the phone, if the records you are in fact seeking were the small portion of the above computer documents actually admitted into evidence, you should be able to easily get them from the courts. The exhibits used in court would be in the custody of the Cuyahoga County Clerk of Courts, as the Clerk of Courts for the 8th Dist. Court of Appeals."

(*Id.* p. 5.)

{¶4} On February 10, 2017, Andes filed a complaint under R.C. 2743.75 alleging unreasonable delay in responding to her request and denial of access to public records in violation of R.C. 149.43(B). The case proceeded to mediation, and on April 17, 2017, the court was notified that the case was not resolved and that mediation was terminated. On May 1, 2017, the AGO filed a combined response and motion to dismiss pursuant to R.C. 2743.75(E)(2).

{¶5} For the reasons stated below, the special master concludes that subsequent to the filing of the complaint, the AGO has provided Andes with copies of all public records responsive to her request of December 2, 2016. However, because the AGO failed to provide the responsive records within a reasonable period of time, Andes is entitled to recover her filing fee and other costs incurred.

**Motion to Dismiss**

{¶6} The AGO asserts that Andes' complaint is deficient on its face for failure to comply with R.C. 2743.75(D)(1), which states that a requester "shall attach to the complaint copies of the original records request and any written response or other communications relating to the request from the public office * * *." The AGO argues that Andes' failure to attach the original records request constitutes a failure to "make a short and plain statement of the claim showing that the party is entitled to relief" as

required by Civ.R. 8(A), and further constitutes "failure to state a claim upon which relief may be granted." Civ.R. 12(B)(6).

{¶7} Andes submitted the missing copies of the original request and related correspondence as "Requestor Exhibits" on March 13, 2017. While the AGO correctly notes that the submission was not in the form of an amended complaint, the Rules of Civil Procedure, to the extent that they would by their nature be clearly inapplicable, do not apply to procedure in special statutory proceedings. Civ.R. 1(C)(6). R.C. 2743.75 is a special statutory proceeding providing, at (E)(2), that other than the complaint and response, "[n]o further motions or pleadings shall be accepted by the clerk of the court of claims or by the special master * * * *unless the special master directs in writing that a further motion or pleading be filed.*" Subsequent to the AGO's filing of its response, the special master directed that Andes' Exhibits be accepted for filing. (Order, May 3, 2017.) Andes' initial failure to submit required documents pursuant to R.C. 2743.75(D)(1) has been rectified, and it is therefore recommended that the motion to dismiss be OVERRULED.

### Suggestion of Mootness

{¶8} In an action to enforce R.C. 149.43(B), a public office may produce the requested records prior to the court's decision, and thereby render the claim for production of records moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, ¶ 18-22. A court considering a claim of mootness must first determine what records were requested, and then whether all responsive records were provided.

{¶9} As summarized above, Andes' July 2016 correspondence with the AGO expressed her intent to make a public records request, at some future date that she conditioned on the conclusion of a particular appellate case. I find that Andes' correspondence with the AGO prior to December 2, 2016 constituted, at most, preliminary inquiries as to whether the time was ripe for her to make a detailed "formal" public records request. The correspondence nowhere submitted an actual request for

specified records. Over four months later, on December 2, 2016, Andes wrote to the AGO:

> d. "I would also like to go ahead and make a formal Open Record Request for copies of Bobby Thompson's computer files that were found on his computer and shared with Ohio investigators by Florida investigators as well as a digital copy of the computer files/hard drive files/flash drive files found on Mr. Cody or his property after his arrest. These were all admitted into evidence as part of his trial in Cuyahoga County Common Pleas Court. These materials are not germane to his appeal and were part of the evidence used to earn a conviction."

(Requestor Exhibits p. 8.) Thus, the only public records request presented is for computer files located on particular storage devices, expressly described as and limited to the files "admitted into evidence as part of [Thompson's] trial in Cuyahoga County Common Pleas Court."

{¶10} The AGO acknowledged this request on December 2, 2016 (*Id.* p. 7), but did not provide any responsive records prior to the filing of this action. On March 15, 2017, after the referral of this case to mediation and the filing of Andes' Requestor Exhibits, the AGO sent Andes a letter enclosing its first production of records. (Respondent's Ex. A.) The letter enclosed a copy of the State's Exhibit List from the Thompson trial, with an invitation to Andes to prioritize production of the exhibits if desired. The AGO advised that it would not be charging for these records. On March 22, 2017, the AGO sent a letter with an enclosure continuing the production of records. (Respondent's Ex. B.) On March 24, 2017, Andes sent an email in response to the AGO letter of March 15, 2017 in which she agreed that the records provided by "Florida" were actually records shared by the IRS and are those labeled as State's Exhibits 110-112 in the Thompson case. (Respondent's Ex. C.) She also utilized the master exhibit list to provide the AGO with the remaining "list of records I believe would satisfy my records request." (*Id.* p. 2.) The AGO sent a letter on April 13, 2017, in which it acknowledged Andes' March 24, 2017 correspondence, made a final production of

documents, and stated that it believed "we have now satisfied your public records request." (Respondent's Ex. D.) On April 28, 2017, the AGO sent a final letter correcting a misstatement in its letter of April 13, 2017 regarding files contained in one of the exhibits. (Respondent's Ex. E.) The author of the AGO letters avers that as of May 1, 2017, Andes had not contacted him since he sent the April 13, 2017 letter. (Response, Donahue Aff. ¶ 9.)

### AGO Required to Provide Only Items Responsive to the Request and that are "Public Records"

{¶11} The policy underlying the Public Records Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft*, 109 Ohio St.3d 364, 2006-Ohio-1825, ¶ 20. Therefore, R.C. 149.43 must be construed "liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.,* 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996).

{¶12} However, a public office is only required to produce records that are responsive to the specific terms of the request. "R.C. 149.43(C) requires a prior request as a prerequisite to a mandamus action." *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, ¶ 14. "There can be no 'failure' of a public office to make a public record available 'in accordance with division (B),' without a request for the record under division (B)." *State ex rel. Bardwell v. Ohio Atty. Gen.*, 181 Ohio App.3d 661, 2009-Ohio-1265, ¶ 5 (10th Dist.). Andes' request was for the "computer files" that were "admitted into evidence" in the Thompson trial, and the AGO attests that all responsive records to this request have been provided. The lead prosecutor in the Thompson case, Senior Assistant Attorney General Brad Tammaro, verifies that,

> e. "Any files on the electronic storage devices seized from Mr. Cody [Thompson] that were actually used were admitted into evidence in Mr. Cody's criminal trial as Exhibit 26, 26-1 and 124. Redacted versions of these exhibits were produced to the Requester after legal review."

(Tammaro Aff. ¶ 8.)  The terms of this assertion of completion mirror Andes' request for all computer files "admitted into evidence" in Thompson's trial.

{¶13} The AGO provides additional, detailed explanation regarding those trial exhibits that were not responsive to the request.  Tammaro testifies that certain exhibits (35, 36, 101, and 104-112) were introduced only as data storage devices to establish the chain of custody of the evidentiary information they contained.  Any evidentiary data or "files" contained in these exhibits that were used as evidence in the trial were introduced separately in Exhibits 26, 26-1, and 124.  (Tammaro Aff. ¶16.)  A container of record information is not itself a "record" as defined at R.C. 149.011(G):

> f.  "(G) 'Records' includes any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, *which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.*"

Physical storage media such as hard drives, compact disks, or flash drives do not, separate from the information they contain, serve to document the activities of a public office under the facts and circumstances of this case.  This is most apparent when electronic storage media are unused and blank.  It is equally true of a piece of physical evidence thought to contain information, but from which no information was extracted by the office.  2007 Ohio Op. Atty. Gen. No. 2007-034 (untested cigarette butt taken from a crime scene is not a "record").  Any computer files contained in the state exhibit storage devices, but that were not separately used as evidence by the State, are thus non-responsive to Andes' request for computer files that were admitted into evidence.

{¶14} Such files also do not qualify as "records" to which the Public Records Act applies.  Information that a public office happens to be storing, but which does not serve to document any aspect of the office's activities, does not meet the statutory definition of a "record."  *State ex rel. McCleary v. Roberts,* 88 Ohio St. 3d 365, 367-368, 725 N.E.2d

1144 (2000) (children's identity and address information contained in files of summer pool programs did nothing to document any aspect of the Recreation and Parks Department). The AGO has submitted evidence that, other than the files entered into evidence in the criminal trial, the contents of the storage devices were either not relevant to its investigation, or were not used in the criminal prosecution. (Tammaro Aff. ¶ 5-8.) R.C. 149.011(G) requires more than mere receipt and possession of an item in order for it to be a record for purposes of R.C. 149.43. *State ex rel. Beacon Journal Publ'g Co. v. Whitmore*, 83 Ohio St. 3d 61, 64, 697 N.E.2d 640 (1998). This has especially significant practical consequences for criminal investigations, where seized computer or other storage devices may contain voluminous extraneous content that is personal, business, or otherwise unrelated to the criminal investigation. If such contents were considered "records" merely by receipt and possession, the public office would be obliged to respond fully to requests for them, including analysis of potentially applicable exceptions for intellectual property, personal information, medical records – any of myriad public records exceptions, many of which could only be asserted or supported by the person from whom the storage device was seized. No such absurd result is required by the language of R.C. 149.011(G). *Id*. The testimony in this case is that the AGO never used the contents of these devices to perform its public function, other than as the contents were separately introduced into evidence and have been fully copied to Andes. I conclude that the unused contents of storage devices seized in the criminal investigation of Thompson were not "records" of the AGO, and the AGO had no obligation to produce such contents in response to Andes' public records request.

{¶15} The AGO also argues that an item temporarily outside of a public office's possession and control is not subject to production by the public office until it is returned to its possession. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, ¶¶ 2, 16, 28. The AGO submitted evidence that Exhibits 35 and 36 are in the possession of the Cuyahoga County Clerk of Courts, having been physically admitted

into evidence at trial.  (Tammaro Aff. ¶ 11.)  I conclude that these exhibits have been unavailable for response to Andes' requests.

{¶16} Finally, the AGO states that it redacted excepted information from within evidentiary documents that it provided to Andes.  In asserting exceptions to an otherwise proper public records request, a public office bears the burden of proof:

> g. "Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. * * * A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception."

*State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 10.

{¶17} Social Security Numbers may be redacted from most records.  *State ex rel. Office of Montgomery County Pub. Defender v. Siroki*, 108 Ohio St. 3d 207, 2006-Ohio-662, ¶ 17-18; R.C. 149.43(A)(1)(dd).  Bank and credit card account numbers may also be redacted.  R.C. 149.43(A)(1)(dd).  Although these redactions were not performed until after Andes had filed her pleadings in this action, her correspondence of March 24, 2017 does not reflect any concern for the redactions

{¶18} Based on the above principles, the table below summarizes the responses made by the AGO regarding each trial exhibit that has been referenced by the parties:

| Exhibit | AGO Response | Support/Authority |
|---|---|---|
| 26, and 26-1 (files introduced as evidence) | March 15, 2017 – copies (348 pgs.) provided. SSNs and banking Nos. redacted | Donahue Aff. ¶ 4; *Siroki*; R.C. 149.43(A)(1)(dd) |
| 35 (computer disk) | April 13, 2017 – introduced as a container, not in AGO possession | Tammaro Aff. ¶¶ 9, 11, 16: *Striker v. Smith* |

| 36 (Portable hard drive) | April 13 and April 28, 2017 – introduced as a container, not in AGO possession, contents introduced in Exhibits 110-112 | Tammaro Aff. ¶¶ 10-11, 16; Moore Aff. ¶ 5-9: *Striker v. Smith* |
|---|---|---|
| 66-74 80-92 95-98 | March 22, 2017 – copies (1,926 pgs.) provided. SSNs redacted | Donahue Aff. ¶ 5; *Siroki* |
| 101 (flash drive) | April 13, 2017 – introduced as container, all evid. contents introduced in Ex.s 26 and 26-1 | Tammaro Aff. ¶¶ 12, 16 |
| 102-103 (flash drives) | April 13, 2017 – introduced as containers, but contain no files | Tammaro Aff. ¶ 17 |
| 104-106 (flash drives) | April 13, 2017 – introduced as containers, all evid. contents introduced in Ex.s 26 and 26-1 | Tammaro Aff. ¶¶ 12, 16 |
| 107 (floppy diskette) | April 13, 2017 – introduced as container, all evid. contents introduced in Ex.s 26 and 26-1 | Tammaro Aff. ¶¶ 13, 16 |
| 108 (Netbook hard drive) | April 13, 2017 – introduced as container, all evid. contents introduced in Ex.s 26 and 26-1 | Tammaro Aff. ¶¶ 14, 16 |
| 109 (compact disk) | April 13, 2017 – introduced as container, all evid. contents introduced in Ex.s 26 and 26-1 | Tammaro Aff. ¶¶ 15, 16 |
| 110-112 (compact disks) | April 13, 2017 – introduced as containers, all evid. contents introduced in Ex.s 26 and 26-1 | Tammaro Aff. ¶¶ 15, 16 |
| 113-115 117-123 | March 22, 2017 – copies (1,926 pgs.) provided. SSNs redacted | Donahue Aff. ¶ 5; *Siroki* |
| 124 | April 13, 2017 – copies (14 pgs.) provided. SSNs redacted | Donahue Aff. ¶ 7; *Siroki* |

### Timeliness of Response and Production of Records

{¶19} The AGO has rendered Andes' claim for production of records moot. However, unless the records were made available "within a reasonable period of time," a claim for relief based on the untimeliness of the response is not mooted by the production of the records. In mandamus actions under R.C. 149.43(C) where post-complaint production has rendered the claim moot, "[s]tatutory damages may be

awarded if the public record has not been provided promptly. R.C. 149.43(C)(1)." *State ex rel. Cincinnati Enquirer v. Deters*, Slip Opinion No. 2016-Ohio-8195, ¶ 22; *State ex rel. DiFranco v. City of S. Euclid*, 138 Ohio St. 3d 367, 2014-Ohio-538, ¶ 24. Similarly, if attorney fees are available, the Ohio Supreme Court has held:

> h. "In view of the absence of an express statutory prohibition and the proclivity of some custodians of public records to force the filing of a mandamus action by a citizen to gain access to records that are obviously public, we hold that a court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested public records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot."

*State ex rel. Pennington v. Gundler*, 75 Ohio St. 3d 171, 174, 661 N.E.2d 1049 (1996); *State ex rel. Calvary v. City of Upper Arlington*, 89 Ohio St. 3d 229, 232, 729 N.E.2d 1182 (2000).

{¶20} As with public records mandamus actions under R.C. 149.43(C)(2), actions under R.C. 2743.75 are also available to a person aggrieved by the failure of a public office to timely provide public records. R.C. 149.43(C)(1). R.C. 2743.75(F)(3) states:

> i. (3) If the court of claims determines that the public office or person responsible for the public records denied the aggrieved person access to the public records in violation of division (B) of section 149.43 of the Revised Code and if no appeal from the court's final order is taken under division (G) of this section, both of the following apply:
>
> - * *
> j. (b) The aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the aggrieved person, * * *.

Failure to provide copies within a reasonable period of time denies the aggrieved person access to the public records, from the time the reasonable period expired until

the records are provided, in violation of R.C. 149.43(B).  *DiFranco, supra,* ¶ 19-21; *compare State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Comm'rs*, 127 Ohio St.3d 202, 2010-Ohio-5073, ¶ 16 (claim for production rendered moot after complaint filed, but under the circumstances of the case, all responsive records were still promptly provided, i.e., no "lost use").  It is therefore appropriate to proceed to determine whether the AGO denied timely access to public records in violation of R.C. 149.43(B)(1) and whether Andes is entitled to recovery of the filing fee and any other costs incurred associated with the action.

{¶21} The AGO promptly acknowledged the request of December 2, 2016 by return email.  On January 19, 2017, the AGO advised Andes that "[y]our records request is still undergoing a legal review."  Timeliness of production of records is analyzed under the facts and circumstances of each case.  *State ex rel. Shaughnessy v. City of Cleveland*, Slip Opinion at 2016-Ohio-8447, ¶ 8.  Here, the requested records all related to a single litigation file, and all had been introduced as exhibits in a trial court.  AGO trial counsel were thus familiar with the contents of the requested records, and would have already considered any bases for filing exhibits under seal or with redactions based on privilege.  While the records requested could be considered voluminous, the AGO does not show that the legal issues required three months for review, or that initial production of responsive records and explanations could not have begun shortly after the December 2, 2016 request.  The AGO's first production of responsive records, or any explanation regarding unavailable, non-existent or excepted records, was March 15, 2017.  The AGO response from that point forward accelerated and provided, on a rolling basis, a total of 2,288 pages of responsive records.  The AGO invited Andes to advise how she would like the remaining production prioritized, and waived any charges for copying.  Production of records was completed on April 13, 2017.

{¶22} I find that the one hundred and three-day delay between the date of the request, and the initial production of any records or explanation, exceeded the "reasonable period of time" required by R.C. 149.43(B)(1). *See State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 623, 640 N.E.2d 174 (1994).

**Conclusion**

{¶23} Upon consideration of the pleadings and attachments, I find that Andes has established by clear and convincing evidence that the AGO violated division (B) of R.C. 149.43 in not providing copies of requested records within a reasonable period of time. I further find that subsequent to the filing of this action the AGO provided copies of all requested public records, and that the claim for production of records is therefore MOOT. Accordingly, I recommend that the court issue an order GRANTING IN PART Andes' claim, and ORDERING that Andes is entitled to recover from the AGO the amount of the filing fee of twenty-five dollars and any other costs associated with the action that she incurred.

{¶24} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
JEFFERY W. CLARK
Special Master

cc:

Jodi Andes
9307 Harlequin Court
Pickerington, Ohio 43147

Halli Brownfield Watson
Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215

Matthew J. Donahue
Assistant Attorney General
150 East Gay Street, 16th Floor
Columbus, Ohio 43215

**Filed May 10, 2017**
**Sent to S.C. Reporter 6/13/17**