[Cite as *State ex rel. Korecky v. Cleveland*, 2020-Ohio-273.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL.,
ROBERT KORECKY, :

      Relator, :

                                  No. 108965

      v. :

CITY OF CLEVELAND, OHIO, ET AL., :

      Respondents. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** January 27, 2020

---

Writ of Mandamus
Motion No. 533763
Order No. 534735

---

***Appearances:***

Robert Korecky, *pro se.*

Barbara A. Langhenry, City of Cleveland, Director of Law,
and Wesley Mason Kretch, Assistant Director of Law, *for
respondents.*

MARY J. BOYLE, P.J.:

{¶ 1} Relator, Robert Korecky, seeks a writ of mandamus directing
respondent, the city of Cleveland (the "city"), to release public records relating to a
matter before the Cleveland Board of Zoning Appeals ("BZA"). The city has filed a

motion for summary judgment asserting that the action is moot, to which relator failed to respond. Because the action is moot, the city's motion for summary judgment is granted in part and the request for writ of mandamus is denied. However, Korecky is entitled to $200 in statutory damages as a result of the city's delay in producing a portion of the records requested by Korecky.

## I. Procedural and Factual Background

{¶ 2} On July 2, 2019, relator filed a public records request through the city's online public records portal. He sought a copy of the final decision or determination of Cleveland Board of Zoning Appeals Calendar No. 19-106 (the "Zoning Appeal") that dealt with a request for a variance to allow the operation of a daycare facility by Oriana House. He asserts that the city provided correspondence on July 24, 2019, which indicated the variance requested in the above Zoning Appeal was granted on the condition that a councilperson hold a public meeting and submit a letter to the BZA with the results. As such, there was no final determination in the Zoning Appeal at that time.

{¶ 3} Next, on August 16, 2019, Korecky filed a second records request via the same means, again requesting a copy of the final determination or resolution of the Zoning Appeal. Korecky also filed a third records request through the city's public records portal on August 19, 2019, seeking a copy of the decision/approval notification for each entity that was notified of the decision. The complaint alleges that Korecky received no response to these two records requests.

{¶ 4} As a result, on September 4, 2019, Korecky filed a complaint for writ of mandamus. The matter was referred to this court's dispute resolution department for mediation. At the conclusion of mediation, Korecky filed a status update pursuant to this court's order, where he informed the court that all records responsive to his three records requests were produced, but Korecky maintains that he is entitled to statutory damages for the city's failure to timely produce public records.

{¶ 5} As a result, on October 30, 2019, this court set a briefing schedule for dispositive motions. The city timely filed a motion for summary judgment supported by affidavits and exhibits. Korecky failed to respond in opposition. The matter is therefore deemed fully briefed and ready for adjudication.

## II. Law and Analysis

### A. Standards Applicable To the Action

{¶ 6} Public officials, the custodians of public records that belong to the people, have a duty to make those records accessible. R.C. 149.32(B)(1) provides in part, "upon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." Relief in mandamus is appropriate to remedy a lack of compliance with Ohio's Public Records Act, R.C. 149.43. R.C. 149.43(C)(1)(b); *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 11 (stating that mandamus was the only remedy, but analyzing a previous version of the statute, which did not include a second remedy

now present in R.C. 149.43(C)(1)(a) by initiating an action before the Ohio Court of Claims).

{¶ 7} A mandamus action, whether based on Ohio's Public Records Act or not, requires a relator to "establish entitlement to the requested extraordinary relief by clear and convincing evidence." *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 16. A relator in a public records action does not need to demonstrate that they lack an adequate remedy in the ordinary course of law, which is otherwise required in mandamus actions. *Kesterson* at ¶ 12, quoting *State ex rel. Am. Civ. Liberties Union of Ohio v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 24.

{¶ 8} The matter is before the court on summary judgment. Under this standard, judgment in favor of the motion party is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994); Civ.R. 56(C).

{¶ 9} Civ.R. 56(C) states that summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." The nonmoving party is entitled to have the evidence construed most strongly in his or her favor. *Fleming* at 511.

## B. Mootness

{¶ 10} If all records are produced during the pendency of a mandamus action, the action is rendered moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22. The relator may still be entitled to any other forms of relief afforded by the statute, including statutory damages, costs, or attorney fees. *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶ 13.

{¶ 11} Here, the parties agree that all records responsive to the three records requests have been produced. Therefore, the action is moot as to the production of records. However, Korecky may still be entitled to damages under R.C. 149.43.

## C. Statutory Damages

{¶ 12} R.C. 149.43(C)(2) provides:

> If a requester transmits a written request by hand delivery, electronic submission, or certified mail[,] * * * the requester shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section.

{¶ 13} Korecky claims entitlement to statutory damages because he asserts the city failed to timely provide records to which he was entitled. Such a claim remains viable even after a public records mandamus action is rendered moot where

a relator is able to demonstrate that all records were not made available "within a reasonable period of time." R.C. 149.43(B)(1) and 149(B)(7)(a); *Kesterson,* 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, at ¶ 19. In this context, reasonableness is a determination based on all the surrounding facts and circumstances of the case. *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 10. "Moreover, 'R.C. 149.43(A) envisions an opportunity on the part of the public office to examine records prior to inspection in order to make appropriate redactions of exempt materials.'" *Kesterson,* 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, at ¶ 20, quoting *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 623, 640 N.E.2d 174 (1994). "Thus, analyzing the timeliness of a public office's response necessarily requires consideration of 'the practical and legal restrictions' a municipality faces." *Easton Telecom Servs., L.L.C. v. Woodmere*, 8th Dist. Cuyahoga No. 107861, 2019-Ohio-3282, ¶ 44, citing *State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 12.

{¶ 14} The city argues in its motion for summary judgment that it did not breach any obligation to timely provide records to Korecky because the city provided information and records to Korecky within a reasonable period of time. In support, the city presents affidavits and exhibits demonstrating that the records produced by it were all the records that were responsive to the three records requests and that those records were produced, at the latest, on September 6, 2019. The city also established that at the time Korecky made his first request for the final decision in

the Zoning Appeal, no such determination existed. A final determination was not issued until August 5, 2019. Therefore, the requests will be analyzed in two parts.

### a. The July 2, 2019 Records Request

{¶ 15} The city asserts that Korecky's July 2, 2019 records request was timely answered by the correspondence sent to Korecky on July 24, 2019. There, the city informed Korecky that there was no final determination responsive to Korecky's request. The requested record, the final determination of the Zoning Appeal, did not exist at the time Korecky requested it. While the Cleveland City Record publicly announced that the BZA appeal Case No. 19-106 was adopted and approved, the BZA did not adopt a final decision until August 5, 2019. The June 26, 2019 decision in the Zoning Appeal required a city councilperson to hold a meeting regarding the requested variance and report back to the BZA with the results of the public meeting. Therefore, that resolution was not a final decision. The city proffered this information to Korecky, but produced no record responsive to the request because none existed at that time.

{¶ 16} A public officer or agency is not required to create a record responsive to a public records request if none exists. *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530, ¶ 15. This necessarily means that the city could not breach a duty to provide such a record to Korecky. Korecky has failed to show that the city acted unreasonably in failing to provide a record that did not exist at the time of his first records request. The city still responded to Korecky's request with an explanation as to why the record did not exist. This court does not

find that the city acted unreasonably or breached an obligation to provide Korecky with this record within a reasonable time.

### b. The August 16, 2019 and August 19, 2019 Requests

{¶ 17} The second request sought the final determination of the Zoning Appeal. The city asserts that on September 6, 2019, it provided Korecky with a copy of the resolution of BZA Calendar No. 19-106, the notification letter sent to the entity that requested the variance, and informed Korecky that an identical notification letter was sent to David DiFrancesco. The period of time between Korecky's August 16, 2019 records request and the city's response on September 6, 2019, constitutes 21 days.

{¶ 18} In its motion for summary judgment, the city argues that it produced these records in a timely fashion. Regarding the final determination of the Zoning Appeal, it claims that the production of the record in 21 days, or 15 business days was reasonable. In his complaint Korecky argues that this was not reasonable given that he only had 30 days to appeal the decision and was not timely notified of the final determination.

{¶ 19} The final determination was a recent public record, maintained by and readily available to the city, and was necessary for Korecky to understand the judgment that he asserts he wished to appeal and may have had a right to appeal.[1]

---

[1] The decision indicates that Korecky spoke at a Zoning Appeal hearing, potentially giving him standing to appeal the final determination. *See Willoughby Hills v. C.C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992).

The record sought was also identified with sufficient clarity to allow its prompt production. The decision of the BZA did not require redaction, examination of multiple indices for retrieval, or the retrieval of information from dusty archives. The city's conclusory claim that this public record was provided in a reasonable time does not fit within that definition when the record was readily available, and the delay impacts a person's limited time to properly seek further redress by way of appeal, because "[w]hen records are available for public inspection and copying is often as important as what records are available." *State ex rel. Wadd v. Cleveland*, 81 Ohio St.3d 50, 52, 689 N.E.2d 25 (1998).

{¶ 20} The Ohio Supreme Court has determined that a delay of 24 days was unreasonable for the production of accident reports. *Id.* In fact, the Ohio Supreme Court has held that delay as little as six days is unreasonable where, in part, timeliness is important. *State ex rel. Consumer News Servs. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82. In that case, a journalist requested resumes that were under consideration for the position of treasurer for a local school district. *Id.* at ¶ 8-11. The court held that the delay of six days in producing the resumes was unreasonable in that case where the journalist expressed a need for the records in time for an upcoming publication date. *Id.* at ¶ 54-55.

{¶ 21} A recent published decision of a board of zoning appeals is the epitome of a public record that should be readily produced when sought. The production of this document requires little, if any, review, redaction, or scrutiny. *See*

*Cleveland Assn. of Rescue Emps./ILA Local 1975 v. Cleveland*, 2018-Ohio-4602, 123 N.E.3d 374, ¶ 16 (8th Dist.). Here, the city took 21 days, or 15 business days, to produce this item responsive to Korecky's second public records request. Korecky has shown that this was unreasonable under the circumstances, and the city has failed to persuade this court that such a delay was justified.

{¶ 22} The third request, for letters of notification mailed to parties as a result of the BZA decision and a list of parties so notified, was produced within 18 days, or 14 business days. We find that the documents that the city produced on September 6, 2019, are the documents that are responsive to Korecky's requests.

{¶ 23} Further, these documents were not similar to the final decision of the BZA responsive to Korecky's second request in that these documents may include names and addresses of individuals, along with other information that could meet an exception to disclosure as a public record. These notification letters and the list of individuals to which those letters were sent, while not voluminous and readily accessible, could require additional scrutiny to determinate whether any information contained within should be redacted. As a result, additional time to review these records before release is reasonable. These records are also not required for Korecky to appeal the determination of the Zoning Appeal. This court finds that the production of documents in response to Korecky's third request was accomplished in a reasonable time.

{¶ 24} Under R.C. 149.43(C)(2) a person aggrieved by the failure of public officer or agency to timely produce public records is entitled to statutory damages in

the amount $100 per day beginning from the commencement of an action to enforce Ohio's Public Records Act. Here, the city produced records responsive to Korecky's requests two days after Korecky commenced the instant mandamus action. Therefore, we find that Korecky is entitled to $200 in statutory damages.

{¶ 25} A court may reduce an award of statutory damages on a showing:

That based on the ordinary application of statutory law and case law as it existed at the time of the conduct or threatened conduct of the public office or person responsible for the requested public records that allegedly constitutes a failure to comply with an obligation in accordance with division (B) of this section and that was the basis of the mandamus action, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records did not constitute a failure to comply with an obligation in accordance with division (B) of this section; [and]

That a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

R.C. 149.43(C)(2)(a)-(b).

{¶ 26} Here, the city has not shown that it is entitled to a reduction in the award of statutory damages. The production of the final determination in the Zoning Appeal was not done in a timely fashion and the production of this record 21 days after receiving the request does not serve the purpose Ohio's Public Records Act in this case.

## III. Conclusion

{¶ 27} The city's motion for summary judgment is granted in part and denied in part as set forth above. The action is moot as to relator's request for mandamus directing the city to produce public records and is therefore denied. Korecky is awarded $200 in statutory damages. Costs to respondent; costs waived. The clerk of courts is directed to serve notice of this judgment upon all parties as provided in Civ.R. 58(B).

{¶ 28} Writ denied.

_____
MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR