[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ellis v. Cleveland Police Forensic Laboratory,* Slip Opinion No. 2019-Ohio-4201.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4201

THE STATE EX REL. ELLIS, APPELLANT, *v.* CLEVELAND POLICE FORENSIC LABORATORY, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ellis v. Cleveland Police Forensic Laboratory, Slip Opinion No. 2019-Ohio-4201.*]

*Mandamus—Public records—R.C. 149.43(B)(8)—The custodian of a public record has no clear legal duty to produce a record requested by an incarcerated person who failed to request a finding that the record is necessary to support what appears to be a justiciable claim of the incarcerated person— Denial of writ affirmed but cause remanded for resolution of a motion for statutory damages.*

(No. 2019-0398—Submitted July 9, 2019—Decided October 16, 2019.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 107571, 2019-Ohio-710.

_____

**Per Curiam.**

{¶ 1} Appellant, L'Ddaryl Ellis, a prison inmate, filed an action in the Eighth District Court of Appeals seeking a writ of mandamus to compel appellee, Cleveland Police Forensic Laboratory ("CPFL"), to provide public records he had requested. The court of appeals granted the writ concerning certain records but denied the writ concerning others. Ellis has appealed to this court as a matter of right. We affirm.

## Background

{¶ 2} In June 2018, Ellis requested the following records from CPFL:

> (1) All Investigative Reports, All Laboratory or Hospital Reports, books, papers, documents, photographs, tangible object, buildings, or places, All Scientific Tests, any memorandum, memo notes, emails etc . . . (Police, Detective, Witness and Victim Statements & Reports. Ballistic Test of the following weapon: Skyy 9mm caliber pistol, Model CPX-1, with serial #018313.
>
> (2) Copies of all Records Retention Schedule, Records Retention Policy, and Public Records Policy.

The request also referred to "Lab Report No. 2012-001569."

{¶ 3} In August 2018, Ellis filed a mandamus action in the Eighth District alleging that CPFL had not responded to his request. In addition to seeking an order compelling CPFL to provide the requested records, Ellis sought statutory damages under R.C. 149.43(C)(2).

{¶ 4} CPFL moved for summary judgment. In his response to CPFL's motion, Ellis disclosed that CPFL had provided a copy of the lab report, but he argued that CPFL still had not fully responded to his request. Among other things, he noted that CPFL had not given him a copy of a records-retention schedule, records-retention policy, or public-records policy.

**{¶ 5}** The court of appeals determined that the first part of Ellis's request was extremely vague and overly broad and that Ellis had not obtained court approval before requesting public records concerning a criminal investigation or prosecution, as he was required to do under R.C. 149.43(B)(8). The court therefore denied the writ as to the first part of Ellis's request. But the court noted that R.C. 149.43(B)(8) did not apply to the second part of Ellis's request, which did not seek records concerning a criminal investigation or prosecution. Because CPFL had not responded to that part of the request, either by producing the documents or by showing that no responsive documents exist, the court granted the writ in part.

**{¶ 6}** In response to the court's order, CPFL provided a records-retention schedule, a records-retention policy, and a public-records policy to Ellis. At the court of appeals' invitation, Ellis filed a motion for statutory damages based on CPFL's failure to timely produce those records. Because the court of appeals had determined under Civ.R. 54(B) that there was no just reason for delay, Ellis appealed to this court while his statutory-damages motion remained pending.

### Analysis

**{¶ 7}** Ellis challenges the court of appeals' determination that he was required, under R.C. 149.43(B)(8), to obtain court approval before requesting records concerning a criminal investigation or prosecution. There is some indication in the record that this claim may be moot, because Ellis acknowledged that CPFL gave him a copy of the report he requested and it is unclear that additional responsive records exist. *See State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14 ("In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot"). CPFL, however, did not file a brief in this appeal, never argued that Ellis's claim is moot, and presented no evidence verifying that it has provided all responsive documents. Thus, in the

absence of a record clearly demonstrating mootness, we will address the merit of Ellis's appeal.

{¶ 8} R.C. 149.43(B)(8) provides:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

{¶ 9} "The language of the statute is broad and encompassing" and "clearly sets forth heightened requirements for *inmates* seeking public records." (Emphasis sic.) *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 14 (involving former R.C. 149.43(B)(4), now R.C. 149.43(B)(8)). Because Ellis does not dispute that the first part of his request sought public records concerning a criminal investigation or prosecution, R.C. 149.43(B)(8) plainly applied.

{¶ 10} But, relying on *State ex rel. Caster v. Columbus*, 151 Ohio St.3d 425, 2016-Ohio-8394, 89 N.E.3d 598, ¶ 38, Ellis argues that Crim.R. 16(H)—not R.C. 149.43(B)(8)—governed his request. Crim.R. 16(H) provides that "[a] public records request made by the defendant, directly or indirectly, shall be treated as a

demand for discovery in a criminal case if, and only if, the request is made to an agency involved in the prosecution or investigation of that case."

**{¶ 11}** Ellis misapprehends both *Caster* and Crim.R. 16(H). The issue in *Caster* was whether the specific-investigatory-work-product exception (R.C. 149.43(A)(2)(c)) applies after an underlying criminal case has concluded. *Caster* at ¶ 1. *Caster* did not involve the obligation of an incarcerated person to comply with R.C. 149.43(B)(8). And contrary to what Ellis suggests, Crim.R. 16(H) does not provide an independent basis for accessing public records. It merely explains how a request for public records may affect a defendant's discovery obligations in a criminal case.

**{¶ 12}** Ellis, therefore, had to comply with R.C. 149.43(B)(8). Because he did not obtain court approval as the statute requires, CPFL had no clear legal duty to produce the records identified in the first part of his request. We therefore affirm the judgment of the court of appeals and remand the cause for resolution of Ellis's pending motion for statutory damages.

Judgment affirmed
and cause remanded.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

L'Ddaryl Ellis, pro se.

_____