[Cite as *State ex rel. IdeaStream Pub. Media v. Cleveland*, 2021-Ohio-2842.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE EX REL., IDEASTREAM
PUBLIC MEDIA,                               :

      Relator,                             :

                                           No. 110345

      v.                                   :

THE CITY OF CLEVELAND,                      :

      Respondent.                          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** August 17, 2021

---

Writ of Mandamus
Motion No. 547027
Order No. 548010

---

## *Appearances:*

First Amendment Clinic, Case Western Reserve University School of Law, Andrew Geronimo and Sara Coulter, and Gabrielle Wilson, Certified Legal Intern, *for relator.*

Barbara A. Langhenry, Director of Law, City of Cleveland and William M. Menzalora, Chief Assistant Director of Law, and Timothy J. Puin, Assistant Director of Law, *for respondent.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1}     Relator, IdeaStream Public Media ("IdeaStream"), seeks a writ of mandamus directing respondent, the city of Cleveland ("the city"), to release any videos that capture an officer-involved shooting that was recorded by any external security cameras operated by the Cuyahoga Metropolitan Housing Authority ("CMHA").  The city claims that it properly denied the records request because the video it has in its possession is not its record, but that of CMHA, and even if it was, the confidential law enforcement investigatory record ("CLEIR") exception to Ohio's Public Records Act applies to the video.  For the reasons that follow, we find that the action is moot, deny the requested writ, and deny IdeaStream's request for statutory damages and costs.

**Background**

{¶ 2}     According to the complaint filed on March 7, 2021, Matthew Richmond, a reporter for IdeaStream, filed a public records request with the city on February 16, 2021.  There was an officer involved shooting that took place on the premises of a CMHA-owned property on November 13, 2020.  The request sought "[v]ideo footage from any CMHA-owned cameras that captured the incident, including any security cameras on the exterior of buildings surrounding the site of the shooting and any footage from police vehicle dashboard cameras at or near the scene at the time of the incident."  The complaint and other filings in this case alleges that IdeaStream first inquired with CMHA if a camera that was near the location of an officer-involved shooting was operating and captured the incident.  CMHA

directed IdeaStream to the city for any video records. CMHA informed IdeaStream that any videos were taken by the city in the course of a police investigation. IdeaStream then filed the above request with the city. The city denied the request on February 23, 2021, stating, "The information requested is part of an open investigation and not releasable at this time based on the confidential law enforcement investigatory record exception in R.C. 149.43(A)(1)(h), (A)(2)."

{¶ 3} IdeaStream then initiated the present action. This court ordered the city to submit to the court for in camera inspection any records for which it was claiming an exception. The city provided a single, roughly 20-minute video. IdeaStream also instituted a similar mandamus action against CMHA in *State ex rel. Ideastream Pub. Media v. Cleveland Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 110346, seeking the same video records in the present action as well as a personnel file for a CMHA police officer. Mediation was initially set and then canceled at IdeaStream's request. Mediation was later attempted at the request of the city, but was ultimately unsuccessful. The briefing of the parties indicates that during mediation the video produced by the city for in camera inspection was shown to IdeaStream by the city. The city did not provide a copy or let IdeaStream record it.

{¶ 4} On June 3, 2021, the city filed a motion for summary judgment. IdeaStream filed its opposition on June 28, 2021. On July 7, 2021, in the related action, CMHA filed a notice that it had produced to IdeaStream the video that had been submitted for in camera inspection. On July 14, 2021, the city filed a similar notice stating that it had provided the video to IdeaStream.

**Law and Analysis**

**Standards for Mandamus**

{¶ 5} Mandamus is one of the appropriate means for vindicating the public's right to access public records under Ohio's Public Records Act, R.C. 149.43. R.C. 149.43(C)(1)(b); *State ex rel. Summers v. Fox*, 163 Ohio St.3d 217, 2020-Ohio-5585, 169 N.E.3d 625, ¶ 26. Successful relators must demonstrate, by clear and convincing evidence, that they have a clear legal right to the requested relief and the respondent has a clear legal duty to provide that relief. *Id.* at ¶ 27, citing *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10. Further, any doubt should be resolved in favor of a records requester because "Ohio's Public Records Act 'is construed liberally in favor of broad access * * *.'" *Id.*, quoting *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996). Finally, "unlike in other mandamus cases, '[requesters] in public records cases need not establish the lack of an adequate remedy in the ordinary course of law.'" *State ex rel. Caster v. Columbus*, 151 Ohio St.3d 425, 2016-Ohio-8394, 89 N.E.3d 598, ¶ 15, quoting *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 25.

{¶ 6} The matter is before this court on summary judgment. Pursuant to Civ.R. 56, summary judgment is appropriate when "an examination of all relevant materials filed in the action reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, Slip Opinion No. 2021-Ohio-2374, ¶ 11, citing Civ.R. 56(C).

**Mootness**

{¶ 7} "A public office may produce the requested records prior to the court's decision, which generally renders a claim involving the failure to produce records moot." *State ex rel. Ullmann v. Klein*, 160 Ohio St.3d 457, 2020-Ohio-2974, 158 N.E.3d 580, ¶ 12, citing *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22. "A court considering a claim of mootness must first determine what records were requested, and then whether all responsive records were provided." *Andes v. Ohio Attorney Gen. Office*, Ct. of Cl. No. 2017-00144-PQ, 2017-Ohio-4251, ¶ 8.

{¶ 8} IdeaStream has been provided the video it seeks. It has been afforded the relief to which it would be entitled if it were successful in this action. *See State ex rel. Chapnick v. E. Cleveland City School Dist. Bd. of Edn.*, 93 Ohio St.3d 449, 451, 755 N.E.2d 883 (2001), citing *State ex rel. Jones v. O'Connor*, 84 Ohio St.3d 426, 704 N.E.2d 1223 (1999) ("Mandamus does not lie to compel an act that has already been performed"). "Absent contrary evidence in the record," an averment that all responsive records have been produced is sufficient to demonstrate that a

records request is moot. *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶ 18. Here, there is no such contrary evidence. The action is, therefore, moot.

**Statutory Damages and Costs**

{¶ 9} Even where a public records mandamus is moot, a relator may still be entitled to statutory damages, costs, or attorney fees. *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 13. IdeaStream has sought statutory damages and costs.

{¶ 10} R.C. 149.43(C)(2) states, in part,

> If a requester transmits a written request by hand delivery, electronic submission, or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requester shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section.

{¶ 11} "Statutory damages are available to a public-records requester who proves by clear and convincing evidence that he or she transmitted to the public office a written request for documents by 'hand delivery, electronic submission, or certified mail.'" *State ex rel. Ullmann*, 160 Ohio St.3d 457, 2020-Ohio-2974, 158 N.E.3d 580, at ¶ 13, quoting R.C. 149.43(C)(2).

{¶ 12} The complaint filed in this case states that IdeaStream's reporter submitted a written records request to the city. It does not say how that request was

transmitted. Similarly, the affidavit filed with the complaint does not specify the means of transmission of the request. It is also not apparent on the face of the records request, attached to the complaint, how the request was submitted. IdeaStream's complaint, attached affidavits and documents, and filings made in this case do not evince how the written request was transmitted to the city.

{¶ 13} The first step in the decision to award statutory damages is an inquiry into whether the public records request was transmitted in a manner that could entitle one to statutory damages. This is a necessary element required for the award of statutory damages that must be shown by the relator. *Barnes v. Cleveland Div. of Records Administration*, 2021-Ohio-212, 167 N.E.3d 51, ¶ 35 (8th Dist.); *State ex rel. Ullmann* at ¶ 13.

{¶ 14} IdeaStream has failed to show that its request was made by certified mail, hand delivery, or electronic means. Therefore, the court is unable to award statutory damages.

{¶ 15} Court costs are available to a relator if a court instructs a relator to comply with an obligation imposed by R.C. 149.43(B). R.C. 149.43(C)(3)(a)(i). The action is moot, so this court is not doing so. Costs are also available under R.C. 149.43(C)(3)(a)(ii) "[i]f the court makes a determination described in division (C)(3)(b)(iii) of this section, the court shall determine and award to the relator all court costs, which shall be construed as remedial and not punitive." The referenced subsection, 149.43(C)(3)(b)(iii), requires the court to find that the respondent "acted in bad faith when the office or person voluntarily made the public records

available to the relator" during the course of a mandamus action. Further, the subsection provides that there is no presumption of bad faith, and does not allow discovery on this issue. *Id.*

> "'The term "bad faith" generally implies something more than bad judgment or negligence.'" [*State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575,] ¶ 26, quoting *State v. Tate*, 5th Dist. Fairfield No. 07 CA 55, 2008-Ohio-3759, ¶ 13. It "'imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.'" *Id.*, quoting *Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148, 187 N.E.2d 45 (1962), paragraph two of the syllabus, rev'd on other grounds, *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 644 N.E.2d 397 (1994), paragraph one of the syllabus.

*State ex rel. Summers*, 163 Ohio St.3d 217, 2020-Ohio-5585, 169 N.E.3d 625, at ¶ 18.

{¶ 16} We take no position on whether the CLEIR exception actually applies to the video record. However, based on the arguments advanced by the city, this court does not find that it acted in bad faith in withholding the record based on its belief that the record fell within an exception to the public records act. Accordingly, this court does not award costs under the Public Records Act.

{¶ 17} The city's motion for summary judgment is denied as moot in part and granted in part. IdeaStream's request for writ of mandamus is denied as moot. Each party to bear its own costs. The clerk of courts is directed to serve notice of this judgment upon all parties as provided in Civ.R. 58(B).

**{¶ 18}** Writ denied.

_____
KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
LISA B. FORBES, J., CONCUR