[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Clark v. Dept. of Rehab. & Corr.*, Slip Opinion No. 2025-Ohio-895.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-895

THE STATE EX REL. CLARK *v.* DEPARTMENT OF REHABILITATION AND CORRECTION.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Clark v. Dept. of Rehab. & Corr.*, Slip Opinion No. 2025-Ohio-895.]

*Mandamus—Public-records requests—R.C. 149.43—Public office failed to comply with its obligations under R.C. 149.43(B)—Limited writ granted and $1,000 in statutory damages awarded.*

(No. 2024-0184—Submitted January 7, 2025—Decided March 19, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.  KENNEDY, C.J., concurred in judgment only, with an opinion.  FISCHER, J., concurred in part and dissented in part and would not have awarded statutory damages.

**Per Curiam.**

{¶ 1} Relator, Thomas Clark, filed an original action seeking a writ of mandamus against respondent, the Ohio Department of Rehabilitation and Correction ("ODRC"), for allegedly failing to respond to a public-records request. He also requests statutory damages and court costs. We grant a limited writ. We also award Clark $1,000 in statutory damages but deny court costs.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Clark is an inmate at the Lebanon Correctional Institution ("LCI"). On October 30, 2023, Clark sent an electronic kite[1] to the warden's office. The body of Clark's kite stated in full:

Greetings. Please provide me with one paper copy of each of the following two records at your earliest convenience:

(1) The Commissary Price list released on 10/27/2023; and

(2) The 2023 Fall/Winter Master Menu (chow hall) record for Weeks One, Two, and Three.

Thanks!

{¶ 3} On November 6, Ellen Myers responded by electronic kite, writing, "The commissary price list was sent to all incarcerated adults on 10/30/23 via JPAY Blast. See your unit staff for a copy or kite the commissary department. Contact Aramark staff for their menu schedule." Myers is a warden's assistant and the public-information officer at LCI. Her duties include responding to inmate public-records requests.

{¶ 4} On February 5, 2024, Clark filed a verified petition for a writ of mandamus in this court seeking a writ ordering ODRC to provide him with copies

---

1. "A kite is a type of written correspondence between an inmate and prison staff." *State ex rel. Griffin v. Szoke*, 2023-Ohio-3096, ¶ 3.

of the requested records. He also seeks awards of statutory damages and court costs. ODRC filed a motion to dismiss, which we denied, 2024-Ohio-1507. We granted an alternative writ and ordered the parties to submit evidence and briefs. *Id*.

## II. LEGAL ANALYSIS

### A. *Clark's motion for leave to file rebuttal evidence*

**{¶ 5}** Clark filed a timely motion for leave to file rebuttal evidence. S.Ct.Prac.R. 12.06(B) states that a "[r]elator may file a motion for leave to file rebuttal evidence within the time permitted for the filing of relator's reply brief. Relator's rebuttal evidence shall be attached to the motion for leave." ODRC did not file a response to the motion. We grant the motion.

**{¶ 6}** Rebuttal evidence is evidence "'given to explain, refute, or disprove new facts introduced into evidence by the adverse party; it becomes relevant only to challenge the evidence offered by the opponent, and its scope is limited by such evidence.'" *State ex rel. Mobley v. Powers*, 2024-Ohio-104, ¶ 11, quoting *State ex rel. McNeill*, 1998-Ohio-293, ¶ 44. ODRC's evidence includes an affidavit from Myers in which she avers that LCI does not maintain the master menu. Among his proposed rebuttal evidence, Clark has submitted a copy of a different master menu that contains an ODRC document code, an ODRC policy referencing the same document code, and kites from ODRC employees stating that the master menu would be posted in meal halls and that an ODRC employee had submitted the menu to other ODRC staff. This evidence refutes ODRC's evidence that it does not maintain the master menu and therefore qualifies as relevant rebuttal evidence that should be admitted. *See* S.Ct.Prac.R. 12.06(B).

**{¶ 7}** In addition, Myers also avers that Clark did not cooperate in completing his records request, in part because he never prepaid the copying costs for the requested records. Myers, however, never told Clark the amount of the copying costs that he needed to pay for the records. As part of his rebuttal evidence,

Clark has submitted documents related to a different public-records request that he made to Myers. In that request, Myers told Clark the amount of the copying costs, and Clark submits as evidence a cash slip that he asserts was his payment for that request. Clark argues that if Myers had told him the amount of the copying costs, his proposed rebuttal evidence shows that he would have cooperated and paid the requested costs. This evidence also challenges ODRC's evidence and should therefore be admitted. *See* S.Ct.Prac.R. 12.06(B).

{¶ 8} We therefore grant Clark's motion for leave to file rebuttal evidence and accept the evidence.

### B. Writ of mandamus

{¶ 9} "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Mandamus is an appropriate remedy to compel compliance with Ohio's Public Records Act, R.C. 149.43. R.C. 149.43(C)(1)(b). To be entitled to a writ of mandamus, Clark must establish by clear and convincing evidence that he has a clear legal right to the requested relief and that ODRC has a clear legal duty to provide it. *State ex rel. Cincinnati Enquirer v. Sage*, 2015-Ohio-974, ¶ 10.

{¶ 10} Clark requested two documents from ODRC: (1) the commissary price list released on October 27, 2023, and (2) the 2023 Fall/Winter master menu for a three-week period. ODRC has provided neither.

{¶ 11} Regarding Clark's request for the commissary price list, ODRC first argues that Clark made his request to the wrong person. It asserts that although Clark requested the price list from Myers, LCI's public-information officer, she told him that he could obtain a paper copy from his unit staff. Thus, according to ODRC, Clark should have made his public-records request to his unit staff. ODRC cites *State ex rel. Ware v. Wine*, 2022-Ohio-4472, ¶ 9 (lead opinion), for the proposition that its employees may refer an inmate requesting records to the office

4

that possesses or maintains the records. But in *Wine*, the inmate does not appear to have made his records request to the employee the institution had designated as responsible for responding to inmate public-records requests. *See id.* at ¶ 23-24 (DeWine, J., concurring in part and concurring in judgment only in part). Here, Myers herself avers that her duties include responding to inmate public-records requests. Moreover, as Clark points out, in a previous public-records case he brought against ODRC, ODRC argued that his mandamus request should be denied because in that case he *did not* send the request to the LCI public-information officer. *See State ex rel. Clark v. Dept. of Rehab. & Corr.*, 2024-Ohio-770, ¶ 14. Here, once Clark requested the commissary price list, Myers had a duty to respond to the request and could not merely refer Clark to another employee. *See State ex rel. Barr v. Wesson*, 2023-Ohio-3028, ¶ 18-19 (generally, when a prison system tells an inmate to submit public-records requests to an employee the institution has designated as a public-information officer, a request to that employee is proper).

{¶ 12} ODRC also argues that it is not required to provide Clark with the commissary price list, because Clark has not prepaid the costs for copies of the record. A public office may charge copying costs when producing records in response to a public-records request. R.C. 149.43(B)(6). But the office must inform the requester of the amount of the costs, *see State ex rel. Ware v. Akron*, 2021-Ohio-624, ¶ 13-14, and ODRC has not done so here. As such, we order ODRC to notify Clark of the copying costs for his request for the commissary price list, *see, e.g.*, *id.* at ¶ 15, and to provide him with a copy of the list once he pays the costs.

{¶ 13} Clark also requested that Myers provide him with a paper copy of the 2023 Fall/Winter master menu covering a three-week period. Myers responded by telling Clark that he should "[c]ontact Aramark staff for their menu schedule." In her affidavit, Myers avers that she told Clark to contact Aramark because "[LCI] does <u>not</u> maintain this record." (Underlining in original.) She further states that

Aramark is a food-service company contracted by ODRC, and that "[t]he Dietary Operations Manager from the Office of Correctional Healthcare (OCHC) [a department of ODRC] is the *records custodian* that is responsible for maintaining this record." (Emphasis in original.)

**{¶ 14}** ODRC argues that it is not responsible for responding to Clark's request for the master menu because LCI is not the records custodian. It argues that Clark should have made the request to Aramark staff because the "Aramark Food Service manager is responsible for ensuring compliance with the food cycle menu and therapeutic diet menus." ODRC does not argue that Clark should have made his request directly to the Office of Correctional Healthcare rather than to Myers. If ODRC is correct that it does not possess or control the master menu, it would not have to produce the record. *See State ex rel. Hubbard v. Fuerst*, 2010-Ohio-2489, ¶ 3 (8th Dist.) ("The writ of mandamus will not issue to compel a custodian of public records to furnish records which are not in his possession or control."). But this assertion appears to be contradicted by both ODRC's own evidence and Clark's evidence. First, as noted above, Myers's affidavit states that "[t]he Dietary Operations Manager from the Office of Correctional Healthcare (OCHC) is the *records custodian* that is responsible for maintaining" the master menu. (Emphasis in original.) Second, as discussed earlier, Clark's rebuttal evidence includes a copy of a different master menu that contains an ODRC identifying code on it. And Clark's evidence also includes a kite from an LCI worker in which the worker states that he or she had submitted copies of a master menu to Clark's unit staff. At a minimum, Clark is entitled to a clear answer as to whether ODRC possesses or controls the master menu he requested in this case. We order ODRC to either (1) notify Clark of the copying costs for his request for a copy of the master menu and provide him with a copy upon his payment of copying costs or (2) certify by affidavit to this court that ODRC does not possess or control the master menu. ODRC may comply with the order by providing either the notice or the affidavit.

### C.  Statutory damages and court costs

{¶ 15} Clark also requests an award of statutory damages.  "Statutory damages shall be awarded if a requester of public records transmits a written request to a public office by hand delivery, electronic submission, or certified mail and the public office or person responsible for public records fails to comply with its obligations under R.C. 149.43(B)."  *State ex rel. Atakpu v. Shuler*, 2023-Ohio-2266, ¶ 13; *accord* R.C. 149.43(C)(2).

{¶ 16} Clark made his request by electronic kite, which constitutes electronic submission for purposes of R.C. 149.43(B).  *See State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 21.  "Statutory damages will be awarded when a public-records custodian takes an unreasonable length of time to produce the requested records."  *Akron*, 2021-Ohio-624, at ¶ 18.  A public office's failure to notify a requester of the amount of required pre-paid costs can be considered by a court when it determines whether records were produced in a reasonable time.  *See id.* at ¶ 20.  Here, Clark submitted his request on October 30, 2023, and at a minimum, he still has not received copies of the commissary price lists.  Such a response time is unreasonable.

{¶ 17} Statutory damages are set at $100 per day for each business day that the public office failed to comply with its obligations, starting with the day the requester filed the mandamus action, with a maximum award of $1,000.  R.C. 149.43(C)(2).  Clark made his records request on October 30, 2023, and filed this mandamus action on February 5, 2024, and he still has not received the records, meaning that the maximum amount of $1,000 in damages is appropriate here.

{¶ 18} For his part, Clark argues that he is entitled to $2,000 in statutory damages because, he claims, he made two separate records requests in his October 30 kite—one for the commissary price list and one for the master menu.  But even though Clark requested two different records, he requested them as part of the same kite and they concern the same general subject matter.  Thus, even if we ultimately

find that ODRC possessed the master menu and should have produced it, Clark would still be entitled to only $1,000 in statutory damages. *See Clark*, 2024-Ohio-770, at ¶ 17; *see also State ex rel. Ware v. Parikh*, 2023-Ohio-2536, ¶ 31 (requester who made multiple requests to the same public office on the same day that "concerned the same general subject matter" was entitled to a single statutory-damages award). We therefore award Clark $1,000 in statutory damages.

{¶ 19} Finally, Clark requests an award of court costs. But even if court costs would otherwise be appropriate, Clark filed an affidavit of indigency in this case so there are no costs to award. *See State ex rel. Teagarden v. Igwe,* 2024-Ohio-5772, ¶ 29. We deny the request.

### III. CONCLUSION

{¶ 20} Because ODRC has not complied with its duties under the Public Records Act, we grant a limited writ of mandamus ordering it to do so. We order ODRC to notify Clark of the copying costs for his request for the commissary price lists and order it to provide him with a copy once he pays the costs. We also order ODRC to either (1) notify Clark of the copying costs for his request for a copy of the master menu and provide him with a copy upon his payment of copying costs or (2) certify by affidavit to this court that ODRC does not possess or control the master menu; ODRC may comply with the order by providing either the notice or the affidavit. We award Clark $1,000 in statutory damages but deny his request for court costs. We also grant his motion for leave to file rebuttal evidence.

Limited writ granted.

_____

**KENNEDY, C.J., concurring in judgment only.**

{¶ 21} This is another public-records case in which this court must compel respondent, the Ohio Department of Rehabilitation and Correction, to comply with its statutory duty to fulfill valid public-records requests submitted by inmates of its institutions. The court today enforces that duty by awarding statutory damages to

8

relator, Thomas Clark. Because this is the correct outcome, I concur in the court's judgment granting a writ of mandamus, awarding $1,000 in statutory damages, and denying an award of court costs.

**{¶ 22}** I write separately, however, because I disagree with the majority's reasoning for why Clark is entitled to only a single $1,000 award of statutory damages. The majority says that Clark receives a single award because "even though Clark requested two different records, he requested them as part of the same kite *and they concern the same general subject matter*." (Emphasis added.) Majority opinion, ¶ 18. That holding is not consistent with the plain language of the Public Records Act, R.C. 149.43.

**{¶ 23}** Under R.C. 149.43(C)(2), statutory damages may be awarded "[i]f a requester *transmits* a written request by hand delivery, electronic submission, or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record . . . to the public office or person responsible for the requested public records." (Emphasis added.) The key word here is "transmits." Without a *transmission* by hand delivery, certified mail, or electronic means, statutory damages are not available. It is therefore the form and the number of transmissions that control how many separate awards of statutory damages an aggrieved public-records requestor may receive. The *content* of the requested records—i.e., their subject matter—has no statutory hook at all and plays no part in the analysis. *See generally State ex rel. Teagarden v. Igwe,* 2024-Ohio-5772, ¶ 127 (Kennedy, C.J., concurring in part and dissenting in part); *State ex rel. Ware v. Parikh*, 2023-Ohio-2536, ¶ 51 (Kennedy, C.J., concurring in part and concurring in judgment only in part). And here, because Clark requested public records in one transmission—a single kite—he can receive only a single award. The fact that his requests "concern the same general subject matter," majority opinion at ¶ 18, has no bearing on the statutory-damages analysis. *See Ware* at ¶ 50 (Kennedy, C.J., concurring in part and concurring in judgment only in part).

**{¶ 24}** But even though the majority ignores the plain language of the statute, it nevertheless reaches the right result—Clark is entitled to a $1,000 award of statutory damages.  For this reason, I concur in the court's judgment today.

_____

Thomas Clark, pro se.

Dave Yost, Attorney General, and John H. Bates, Assistant Attorney General, for respondent.

_____