[Cite as *State ex rel. Mason v. Supervisor of Edn.*, 2025-Ohio-2013.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO, EX REL.
DAVID MASON,                               :

      Relator,                          :

                              No. 114831

      v.                                :

SUPERVISOR OF EDUCATION,        :

      Respondent.                       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT GRANTED IN PART AND DENIED IN PART
**DATED:** June 4, 2025

---

Writ of Mandamus
Order No. 584722

---

***Appearances:***

David Mason, *pro se*.

Dave Yost, Ohio Attorney General, Adam Beckler, Lead Counsel, and D. Chadd McKitrick, Assistant Attorneys General, Criminal Justice Section, *for respondent*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Relator David Mason ("Mason"), pro se, seeks a writ of mandamus directing respondent, the Supervisor of Education for the Northeast Reintegration

Center (the "respondent"),[1] to produce records in response to his public-records request. Mason also seeks statutory damages in accordance with R.C. 149.43(C).

{¶ 2} For the following reasons, we grant the writ in part and deny it in part. Mason is awarded $1,000 in statutory damages.

## I. Procedural and Factual History

{¶ 3} Mason is currently incarcerated at the North Central Correctional Complex. On November 21, 2024, Mason sent a public records request via certified mail to the respondent, seeking production of the following records:

1. A paper format document of the most recent individualized education plan for inmates who received special educational services;

2. A paper format document of the most recent multi-factored evaluation documentation as required by federal law;

3. A paper format document of the most recent library operations manual;

4. A paper format document of the monthly reports for special education reports for the months of June 2019, April 2021, August 2022, and December 2023;

5. A paper format document of the 2021, or most recent federal grant information for special education, NCLB, Perkin, ABLE grants;

6. A paper format copy of documentation of career/technical teacher's industrial visits and advisory committee meetings for 2023 and minutes; and

---

[1] The caption of Mason's complaint lists the respondent as "Supervisor of Education" for the Northeast Reintegration Center. The "person responsible" for the requested records is more accurately titled "Teacher Supervisor 2," a position held by Northeast Reintegration Center employee, Monica Brandt ("Brandt"). In her responsive pleading and dispositive motion, Brandt states that the "'Supervisor of Education' is not a position that exists at Northeast Reintegration Center." Brandt, however, has not argued that she is not a proper party to this mandamus action. R.C. 149.43(C).

7. A paper format document of the Supervisor of Education's redacted personnel file.

("Request Nos. 1-7.")

{¶ 4} On January 6, 2025, Mason sent a second letter by regular mail to the Northeast Reintegration Center, notifying the respondent that he had not received a response to his public records request. Mason further urged the respondent to "at least respond to [his] request with a reason for your noncompliance."

{¶ 5} On February 18, 2025, Mason filed this original action, alleging that the respondent failed to respond to his public records request "in any form." Accordingly, Mason seeks (1) a writ of mandamus directing the respondent to make the requested records available "for inspection and copying without further delay," and (2) "statutory damages for the violation of R.C. 149.43 for each of the seven (7) categories of public records."

{¶ 6} On March 28, 2025, the respondent filed an answer with leave of court, asserting that Mason's "petition is barred for mootness."

{¶ 7} On April 9, 2025, Mason filed a motion for summary judgment, arguing that he is entitled to judgment as a matter of law because the record clearly and convincingly demonstrates that he "has a clear legal right to the requested public records" and that the respondent breached her legal duty to comply with the mandates of R.C. 149.43. Mason reiterates his contention that, to date, the respondent has not responded to his public records request. Mason summarized his position as follows:

Respondents have never conveyed to relator that the records that he requested are either exempt, do not exist, [that] his requests require respondent to create a new document, [that] relator did not properly describe the records he sought, and respondents do not claim that they have provided some or all of the requested records.

{¶ 8} In support of his motion for summary judgment, Mason attached (1) a copy of his complaint, (2) affidavits of specificity and verification in compliance with Loc.App.R. 45(D), (3) a copy of the public records request, dated November 21, 2024, (4) a copy of the certified mail receipt, and (5) a copy of the Ohio Department of Rehabilitation and Correction's ("ODRC") Records of Retention Schedule.

{¶ 9} On April 15, 2025, the respondent filed a competing motion for summary judgment and brief in opposition to Mason's motion for summary judgment. Therein, the respondent asserted that she is entitled to judgment as a matter of law because "[Mason] was sent a complete response to his public records request" on January 17, 2025. Because a complying response was made prior to the filing of this action, the respondent maintains that Mason "is not entitled to relief in mandamus, nor statutory damages."

{¶ 10} The respondent's motion for summary judgment incorporates the following evidentiary materials: (1) a copy of the responsive letter sent to Mason on January 17, 2025, (2) copies of the public records enclosed in the responsive letter, and (3) the affidavit of ODRC employee, Kristen DeVenny ("DeVenny").

{¶ 11} On April 28, 2025, Mason filed a reply brief in support of his summary-judgment motion and a brief in opposition to the respondent's motion for summary judgment. In pertinent part, Mason denied receiving a written response to his

public records request and characterized DeVenny's affidavit as being "self-serving and absolutely false." Mason further notes that the responsive letter, if sent, only produced two of the seven public records he requested. (Request Nos. 3 and 6.) Without further information regarding the availability of the remaining records, Mason asserts that the respondent has failed to establish the applicability of a public-records exception.

{¶ 12} The matter is now before this court on the parties' competing motions for summary judgment.

## II. Law and Analysis

### A. Standard of Review

{¶ 13} Original actions in mandamus ordinarily "proceed as any civil action under the Ohio Rules of Civil Procedure." Loc.App.R. 45(D)(2)(c). Thus, the action may be resolved on summary judgment. *See State ex rel. Scripps Media v. Hunter*, 2013-Ohio-5895, ¶ 31 (1st Dist.).

{¶ 14} The party moving for summary judgment bears the burden of demonstrating that no genuine issues of material fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). The moving party has the initial responsibility of informing the court of the basis for the motion and identifying portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Id.* To accomplish this, the movant must be able to point to Civ.R. 56(C) evidentiary materials, which include "pleadings, depositions, answers to interrogatories, written admissions, affidavits,

transcripts of evidence, and written stipulations of fact, if any[,]" for the court's consideration in rendering summary judgment. *Id.*; Civ.R. 56(C). "These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Id.* at 293.

{¶ 15} After the moving party's initial burden is satisfied, the nonmoving party "'may not rest upon the mere allegations or denials in the pleadings.'" *Id.*, quoting Civ.R. 56(E). Rather, the nonmoving party's reciprocal burden is triggered, requiring it to set forth specific facts, by the means listed in Civ.R. 56(C), showing that there remains a genuine issue for trial. *Id.* Finally, we note that a court may consider evidence other than the materials specified in Civ.R. 56(C) if no objections are raised. *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 2009-Ohio-2871, ¶ 17.

### B. Ohio Public Records Law

{¶ 16} Ohio's Public Records Act, codified in R.C. 149.43, obligates "a public office or person responsible for public records," upon request by any person, to "make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). This provision "establishes a clear legal right [for any person] to request that identifiable public records be made available for inspection or copying" and generally imposes on the public office or person responsible for public records "a corresponding clear legal duty to make a requested public record available for inspection or copying unless it falls squarely

within a specific statutory exemption." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 25. If a public-records request is denied in whole or in part, the public office is required to provide the requester with an explanation for the denial, including legal authority. R.C. 149.43(B)(3).

{¶ 17} In Ohio, public records are the people's records. To that end, we construe the Public Records Act liberally in favor of broad access and resolve any doubts in favor of disclosure of public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376 (1996).

### C. Mandamus in Public Records Cases

{¶ 18} Mandamus is an appropriate remedy to compel compliance with Ohio's Public Records Act, R.C. 149.43. R.C. 149.43(C)(1)(b). "[U]nlike in other mandamus cases, '[requesters] in public records cases need not establish the lack of an adequate remedy in the ordinary course of law.'" *State ex rel. Caster v. Columbus*, 2016-Ohio-8394, ¶15, quoting *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 2012-Ohio-753, ¶ 25. However, as the relator, Mason has the burden of production "to plead and prove facts showing that [he] requested a public record under R.C. 149.43(B)(1) and that the public office or person responsible for public records did not make the record available." *State ex rel. Mauk v. Sheldon*, 2025-Ohio-1221, ¶ 11, citing *Welsh-Huggins*, 2020-Ohio-5371, at ¶ 26. The burden of persuasion is on the requester to establish entitlement to the extraordinary writ by clear and convincing evidence. *Id.*

{¶ 19} "'Clear and convincing evidence' is a measure or degree of proof that is more than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established." *State ex rel. Ware v. Crawford*, 2022-Ohio-295, ¶ 14, citing *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720, ¶ 14.

### D. Mootness

{¶ 20} In their competing motions for summary judgment, the parties initially dispute whether the respondent responded to Mason's public records request. According to the respondent, this mandamus action is moot because she "fully addressed" Mason's public records request before the instant complaint was filed. In contrast, Mason denies ever receiving the responsive letter, dated January 17, 2025, or the records purportedly submitted in response to public request Nos. 3 and 6.

{¶ 21} It is well settled that a public-records mandamus claim generally becomes moot when the public office provides the requested documents. *See State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶ 22. "'A court considering a claim of mootness must first determine what records were requested, and then whether all responsive records were provided.'" *State ex rel. Ideastream Pub. Media v. Cleveland*, 2021-Ohio-2842, ¶ 7 (8th Dist.), quoting *Andes v. Ohio Atty. Gen. Office*, 2017-Ohio-4251, ¶ 8 (Ct. of Cl.).

{¶ 22} A respondent asserting mootness must provide evidence that it produced the records at issue. *State ex rel. Strothers v. Keenon*, 2016-Ohio-405, ¶ 40 (8th Dist.); *State ex rel. Conley v. Park*, 2016-Ohio-5199, ¶ 17 (5th Dist.). More specifically, the respondent must come forward with evidence that all responsive records were produced. *See State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 2019-Ohio-4201, ¶ 7 (claim not mooted absent evidence that all responsive records were produced). A public office may establish by affidavit that all existing public records have been provided. *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 2009-Ohio-1767, ¶ 15. The attestations in an affidavit may be rebutted by clear and convincing evidence showing a genuine issue of fact that additional responsive records exist. *See State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 26.

{¶ 23} In this case, the respondent's mootness argument relies extensively on the affidavit of DeVenny. Therein, DeVenny averred that as a "litigation support specialist" for the ODRC, she assists with "gathering records to respond to subpoenas, public records requests, and discovery requests." (DeVenny aff. at ¶ 3.) Regarding Mason's public records request, DeVenny confirmed that she "responded to [his] request on January 17, 2025," and that "the response letter and responsive records were mailed to [Mason] on January 17, 2025 at the address provided in his request." (*Id.* at ¶ 10.) Finally, DeVenny averred that she "did not receive any follow up communication from [Mason] after the response on January 17, 2025." (*Id.* at ¶ 11.)

{¶ 24} Upon examination of the record, we find the evidence attached to the respondent's motion for summary judgment refutes Mason's contention that he never received a response to his public records request. To the contrary, the record establishes that a responsive letter was sent to Mason on January 17, 2025. The letter attached certain public records (request Nos. 3 and 6) and provided Mason with an explanation for the nondisclosure of the remaining records. Mason has not produced sufficient evidentiary materials to rebut the evidence submitted by the respondent. *State ex rel. Adkins v. Cole*, 2025-Ohio-1026, ¶ 12 (finding the relator failed to present "contradicting evidence" to refute the respondent's claim that it responded to the public records request), citing *State ex rel. Ellis v. Maple Hts. Police Dept.*, 2019-Ohio-4137, ¶ 6; *State ex rel. Ware v. Dept. of Rehab & Corr.*, 2024-Ohio-1015, ¶ 19 (lead opinion). Accordingly, we find no remaining issues of material fact regarding service of the responsive letter or the production of request Nos. 3 and 6.

{¶ 25} This conclusion, however, does not end our inquiry. Although the evidence attached to the respondent's motion for summary judgment demonstrates that there was a timely response to Mason's public-records request, the evidence equally demonstrates that not all requested documents were produced. As mentioned, the responsive letter reflects that request Nos. 1, 2, 4, 5, and 7 were not provided to Mason based upon the respondent's belief that the records were "either unavailable or exempted from disclosure." (Respondent's motion for summary judgment, pg. 3.) Accordingly, we must assess whether the reasons stated for the

nondisclosure of certain records were valid, and therefore, support the respondent's assertion that it fully responded to Mason's public records request.

### 1. Request No. 5

{¶ 26} Regarding request No. 5, which sought "a paper format document of the 2021, or most recent federal grant information for special education, NCLB, Perkin, [and] ABLE grants," the respondent asserted in its responsive letter that the requested document did not constitute "a request for current existing ODRC records." The respondent implied that Mason's request would have required her to create a new document by compiling information from other materials that may or may not be in the possession of the Northeast Reintegration Center.

{¶ 27} It is well stated that a public office has no obligation to produce public records that do not exist. *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 2008-Ohio-6253, ¶ 27; *see also State ex rel. McDougald v. Greene*, 2020-Ohio-5100, ¶ 10 ("[W]hen a requester seeks a nonexistent record, a public office has no duty to provide it."); *State ex rel. Pietrangelo v. Avon Lake*, 2016-Ohio-5725, ¶ 20 ("Respondents cannot be ordered to produce records that no longer exist."). Similarly, a public office has no duty to give information or to create new records by searching for and compiling information from existing records. *State ex rel. Lanham v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 425 (1997); and *State ex rel. Griffin v. Sehlmeyer,* 2022-Ohio-2189, ¶ 11. "A public records request may be improper if it requires a record custodian to do research for a requester and to

identify a specific subset of records containing selected information." *State ex rel. Mitchell v. Byrd*, 2022-Ohio-2700, ¶ 10 (8th Dist.).

{¶ 28} After careful review, we agree with the respondent's interpretation of request No. 5. Viewed on its face, Mason's request sought a broad compilation of federal grant information that would have required the custodian of records to create a new document after searching for information relating to each subset of grants referenced in the public-records request. Under these circumstances, the respondent had no duty to produce the federal grant information requested by Mason. *See Dugan v. McDonald*, 2020-Ohio-1441, ¶ 25 (11th Dist.), quoting *State ex rel. Kerner v. State Teachers Retirement Bd.*, 82 Ohio St.3d 273, 274 (1998) ("[A] compilation of information must already exist in public records before access to it will be ordered.").

## 2. Request No. 7

{¶ 29} Next, the respondent asserted that it had no duty to respond to Mason's request for a paper copy of the "Supervisor of Education's redacted personnel file" (request No. 7) because the Northeast Reintegration Center "does not have an employee by that title." The respondent directed Mason to clarify his request by "providing the employee's name and/or correct title." The respondent's advisement was corroborated by DeVenny, who averred that the Supervisor of Education "position does not exist." (DeVenny aff. at ¶ 8.) DeVenny further averred that Mason did not provide a clarifying response to his personnel file request. (*Id.* at 11.)

{¶ 30} We recognize that public-record requests do not require perfection. *State ex rel. Morgan v. New Lexington*, 2006-Ohio-6365, ¶ 37. As stated, however, there is no duty to produce records that never existed or no longer exist. *Pietrangelo*, 2016-Ohio-5725. Moreover, "'it is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue.'" *State ex rel. Morgan* at ¶ 29, quoting *State ex rel. Fant v. Tober*, 1993 Ohio App. LEXIS 2591, *4 (8th Dist. Apr. 28, 1993).

{¶ 31} Upon review, we find the evidence establishes that the "Supervisor of Education" is not a position at the Northeast Reintegration Center. (DeVenny aff. at ¶ 8.) Thus, the purported personnel file referenced in request No. 7 does not exist and Mason has not presented sufficient rebuttal evidence to suggest otherwise. *See State ex rel. McDougald v. Greene*, 2020-Ohio-2782, ¶ 8-9. Mason was advised to clarify his request but failed to avail himself to that opportunity. *See* R.C. 149.43(B)(2). Accordingly, the respondent had no duty to produce the personnel file requested by Mason.

### 3. Request Nos. 1, 2, and 4

{¶ 32} Finally, Mason's public records request sought certain educational records, including copies of (1) the most recent individualized education plans for inmates who receive special educational services, (2) the most recent multifactored evaluation documentation as required by federal law, and (3) the monthly special education reports for June 2019, April 2021, August 2022, and December 2023. Mason maintains that the respondent had a clear legal duty to provide copies of

these records because the retention of the records was mandated by the ODRC's Records Retention Schedule.

{¶ 33} In the responsive letter, the respondent did not dispute that the requested educational records are maintained by and within the possession of the Northeast Reintegration Center. Nor did the respondent claim that Mason sent his public-records request to the improper office or custodian. Instead, the respondent asserted that request Nos. 1, 2, and 4 were exempt from production under the Public Records Act because "education records are not for public release per R.C. 3319.321." (Responsive letter, pg. 1.) Thus, the requested educational records were not included in the responsive documents sent to Mason on January 17, 2025.

{¶ 34} As mentioned, R.C. 149.43 "mandates access to public records upon request unless the requested records are specifically excepted from disclosure." *State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental Protection Agency*, 88 Ohio St.3d 166, 170 (2000), citing *State ex rel. Miami Student v. Miami Univ.*, 79 Ohio St.3d 168, 170 (1997). "Release may be prohibited by an exception or by another statute providing protection to the subject of the information sought." *Cuyahoga Cty. Bd. of Health v. Lipson O'Shea Legal Group*, 2016-Ohio-556, ¶ 6.

{¶ 35} Here, the respondent's exemption argument relies on R.C. 149.43(A)(1)(v) and R.C. 3319.321, Ohio's Student Privacy Act ("OSPA"). R.C. 149.43(A)(1)(v) exempts from disclosure any records "the release of which is prohibited by state or federal law." In turn, the OSPA "imposes duties of confidentiality on persons in possession of personally identifiable information

concerning a student of an Ohio public school." *Ludlow v. Ohio Dept. of Health*, 2024-Ohio-1399, ¶ 43 (Brunner, J., dissenting), citing *State ex rel. Cable News Network, Inc. v. Bellbrook-Sugarcreek Local Schools*, 2020-Ohio-5149, ¶ 26. Specifically, the statute provides that

> [n]o person shall release, or permit access to, personally identifiable information other than directory information concerning any student attending a public school . . . without the written consent of the parent, guardian, or custodian of each such student who is less than eighteen years of age, or without the written consent of each such student who is eighteen years of age or older.

R.C. 3319.321(B). Thus, when applicable, R.C. 3319.321 creates an exception to the definition of a public record under R.C. 149.43(A)(1). *See State ex rel. School Choice Ohio, Inc. v. Cincinnati Pub. School Dist.*, 2016-Ohio-5026, ¶ 15-16 and 31-34.

{¶ 36} Exceptions to disclosure under the Public Records Act "are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception." *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720, ¶ 23. To satisfy that burden, the respondent must prove that the requested records "fall squarely within the exception." *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. The Ohio Supreme Court has clarified that when the applicability of a public-records exemption is not readily apparent from the content of the record, the records custodian must provide "specific factual support that goes beyond mere conclusory statements in an affidavit to show that the record sought falls squarely within the prescribed exception." *Welsh-Huggins*, 2020-Ohio-5371, at ¶ 50.

Moreover, "if a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person responsible for the public record shall make available all of the information within the public record that is not exempt." R.C. 149.43(B)(1).

{¶ 37} After careful consideration, we find it is not readily apparent from the face of request Nos. 1, 2, and 4 that the responsive documents would contain information exempt from disclosure under R.C. 3319.321 or 149.43(A)(1)(v). Although R.C. 3319.321 prohibits public schools from disclosing certain student records, it does not impose a blanket ban on the disclosure of all "educational records" as the respondent suggested in its responsive letter. On this point, the respondent's motion for summary judgment does not reference R.C. 3319.321 and provides no insight into whether the statute applies to the specific records sought by Mason or, more generally, to records from a school district operating within ODRC. DeVenny's affidavit is similarly silent on the issue. Thus, it appears that the respondent's reliance on R.C. 3319.321 is limited to the conclusory statements contained in the unsworn, responsive letter. *See, e.g., State ex rel. Howard v. Watson*, 2023-Ohio-3399, ¶ 24.

{¶ 38} Under these circumstances and on this limited record, we find the respondent has failed to produce competent, admissible evidence to support the asserted exemption. *Welsh-Huggins* at ¶ 76; *State ex rel. WBNS TV, Inc. v. Dues*, 2004-Ohio-1497, ¶ 29. Accordingly, we grant a writ of mandamus ordering respondents to make copies of the records responsive to request Nos. 1, 2, and 4

available to Mason at cost and within a reasonable period of time. The respondent is directed to redact any personally identifiable information from these records.

### E. Statutory Damages Court and Costs

{¶ 39} Former R.C. 149.43(C)(2) (now R.C. 149.43(C)(3)) entitles a public-records requester to an award of statutory damages if the requester (1) transmitted a written public-records request by hand delivery, electronic submission, or certified mail to "the public office or person responsible for the requested public records," (2) fairly described the records sought, and (3) establishes that "the public office or the person responsible for public records failed to comply with an obligation" under R.C. 149.43(B). *See State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶ 6. The requester bears the burden to prove by clear and convincing evidence an entitlement to statutory damages. *Id.*

{¶ 40} "Statutory damages accrue at the rate of $100 for each business day the office failed to meet one of R.C. 149.43(B)'s obligations, beginning on the day the requester files a mandamus action, up to $1,000." *State ex rel. Horton v. Kilbane*, 2022-Ohio-205, ¶ 15, citing former R.C. 149.43(C)(2). Generally, R.C. 149.43(C) does not permit stacking of statutory damages. *State ex rel. Ware v. Akron*, 2021-Ohio-624, ¶ 22; *State ex rel. Dehler v. Kelly*, 2010-Ohio-5724, ¶ 4.

{¶ 41} In this case, the respondent's motion for summary judgment does not raise a specific argument regarding whether Mason (1) transmitted his request by certified mail, (2) made his request to the public office or person responsible for the

requested public records,[2] and (3) fairly described the records he sought. Rather, the respondent's sole argument concerning Mason's statutory damages request is limited to its contention that "Mason was sent a complete response to his public records request prior to the filing of this [mandamus] action." For the reasons previously stated, we find no merit to the respondent's position as it relates to request Nos. 1, 2, and 4. These records were not produced, and the respondent has not established the existence of an applicable exception.

{¶ 42} We therefore award Mason the maximum amount of $1,000 in statutory damages. *See, e.g., Howard*, 2023-Ohio-3399, at ¶ 36-37, citing *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 22. Contrary to Mason's suggestion, he is not entitled to statutory damages for each of his public-record requests because they were made in one transmission and concern the same general subject matter. *See State ex rel. Clark v. Dept. of Rehab. & Corr.*, 2025-Ohio-895, ¶ 31, citing *State ex rel. Ware v. Parikh*, 2023-Ohio-2536, ¶ 31 (requester who made multiple requests to the same public office on the same day that "concerned the same general subject matter" was entitled to a single statutory-damages award).

---

[2] The respondent has not suggested that Mason's decision to send his public-records request to the "Supervisor of Education" at the "Northeast Reintegration Center" impaired his ability to receive statutory damages. We decline to address arguments not specifically raised by the respondent. Notwithstanding, Mason notes that his public-records request complied with former R.C. 149.43(C)(2), despite his failure to identify Brandt directly, because he sent his public records request to the prison office that maintained the requested records. *See State ex rel. Clark v. Dept. of Rehab. & Corr.*, 2024-Ohio-770, ¶ 14.

{¶ 43} Finally, Mason is not entitled to an award of court costs because he filed an affidavit of indigency and therefore had no obligation to pay costs. *See State ex rel. Mobley v. LaRose,* 2024-Ohio-1909, ¶ 16.

### III. Conclusion

{¶ 44} For the foregoing reasons, we grant a writ of mandamus ordering respondents to provide records responsive to request Nos. 1, 2, and 4 of Mason's November 21, 2024 public-records request. We deny the writ as to the remaining public-records requests. We also award Mason statutory damages in the amount of $1,000.

{¶ 45} Writ granted in part and denied in part. Costs assessed against respondent; costs waived. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR